UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL RICHMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Misc. Action No. 25-0170 (CKK)

**ORDER**
(December 6, 2025)

Upon consideration of Petitioner Daniel Richman's [9] Motion for Temporary Restraining Order, the relevant legal authority, and the entire present record, the Court concludes that Petitioner Richman is entitled to a narrow temporary restraining order to preserve the status quo while the Court evaluates his [1] Motion for Return of Property and awaits full briefing and argument from the parties. *See Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 763 F. Supp. 3d 13, 16 (D.D.C. 2025) (LLA) (explaining that such orders "preserve the status quo" to allow time for courts to assess "weighty legal issues" and "properly evaluate the merits" of parties' claims).

**I.**

Three facts weigh in favor of entering a prompt, temporary order to preserve the status quo now, before the Government has filed a response.

*First*, although the Court has been in communication with attorneys from the U.S. Attorney's Office for the District of Columbia,[1] the U.S. Attorney's Office for the District of

---

[1] These attorneys have helpfully facilitated communication on administrative matters. The Court appreciates counsel's prompt assistance on these matters.

1

Columbia has not yet entered an appearance to make representations on behalf of the Government, and counsel for the Government has not yet been identified. *See* Pet'r's Ex. A, Dkt. No. 9-2.

*Second*, the Government has not yet indicated who has custody of the material at issue, and neither the Petitioner nor the Court can determine the identity of the custodian until the Government appears in this case. Given that the custody and control of this material is the central issue in this matter, uncertainty about its whereabouts weighs in favor of acting promptly to preserve the status quo.

*Third*, the Court finds that the Government has received actual notice of Petitioner Richman's [9] Motion, ensuring that the Government is positioned to act promptly to seek any appropriate relief from this Order. Specifically, counsel for the Government may move to dissolve or modify this Order immediately upon entering an appearance, and the Court will resolve any such motion "as promptly as justice requires." Fed. R. Civ. P. 65(b). Under the circumstances, the Court will allow and consider such a motion at any time upon contemporaneous notice to counsel for Petitioner Richman. *See id.* (providing that such a motion may be filed "[o]n 2 days' notice to the party who obtained the order" or "on shorter notice set by the court").

## II.

Petitioner Richman has made each of the necessary showings to obtain a narrow temporary restraining order. See *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (setting out four-factor test for issuance of preliminary injunctive relief); *Council on Am.-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 74 (D.D.C. 2009) (CKK) (noting that the same factors govern the issuance of temporary restraining orders); *Nken v. Holder*, 556 U.S. 418, 435 (2009) (explaining that the balance-of-equities and public-interest factors "merge" when the Government is the opposing party).

The Court concludes that Petitioner Richman is likely to succeed on the merits of his claim that the Government has violated his Fourth Amendment right against unreasonable searches and seizures by retaining a complete copy of all files on his personal computer (an "image" of the computer) and searching that image without a warrant. *See United States v. Comey*, No. 1:25-CR-272-MSN-WEF, 2025 WL 3202693, at *4–7 (E.D. Va. Nov. 17, 2025). The Court further concludes that Petitioner Richman is also likely to succeed in showing that, because of those violations, he is entitled to the return of the image under Federal Rule of Criminal Procedure 41(g).

Petitioner Richman has also shown that, absent an injunction, he will be irreparably harmed by the ongoing violation of his Fourth Amendment right against unreasonable seizures arising from the Government's continuing retention of the image of his computer and related materials.

Finally, the Court finds that the balance of the equities and the public interest weigh in Petitioner Richman's favor and support a limited temporary restraining order that is narrowly tailored to preserving the status quo while this Court considers his [1] Motion for Return of Property on an expedited basis.

## III.

Accordingly, Petitioner Richman's [9] Motion for Temporary Restraining Order is **GRANTED IN PART** and **DEFERRED IN PART**, as follows:

The United States and its agent, the Attorney General of the United States, are **ORDERED** to identify, segregate, and secure the image of Petitioner Richman's personal computer that was made in 2017, his Columbia University email accounts, and his iCloud account; any copies of those files; and any materials obtained, extracted, or derived from those files (collectively, "the covered materials") that are currently in the possession of the United States.

The United States and its agents, including the Attorney General of the United States, are further **ORDERED** not to access the covered materials once they are identified, segregated, and secured, or to share, disseminate, or disclose the covered materials to any person, without first seeking and obtaining leave of this Court.

The Attorney General of the United States or her designee is further **ORDERED** to certify that the United States is in compliance with this Order no later than **12:00 p.m. ET on Monday, December 8, 2025**.

It is further **ORDERED** that Petitioner Richman's counsel shall promptly serve a copy of this Order on the Attorney General of the United States, accompanied by copies of all papers filed in this action to date.

All other requests for relief in Petitioner Richman's [9] Motion for Temporary Restraining Order are **DEFERRED** pending a response from the Government and further consideration by this Court.

This Order shall remain in effect until **11:59 p.m. ET on Friday, December 12, 2025**, or until dissolved by further order of this Court, whichever comes first.

Finally, it is **ORDERED** that, no later than **9:00 a.m. ET on Tuesday, December 9, 2025**, the Government shall file a combined response to Petitioner Richman's [1] Motion for Return of Property, response to Petitioner Richman's [9] Motion for Temporary Restraining Order, and motion to dissolve or modify this Order, if appropriate. Petitioner Richman shall file any reply no later than **5:00 p.m. ET on the same day, Tuesday, December 9, 2025**.

**SO ORDERED.**

Dated: December 6, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge