UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL RICHMAN,**<br><br>*Petitioner-Movant*,<br><br>v.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>*Respondent*. | **CIVIL NO. 1:25-MC-170-CKK** |

## MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65(b)(4) of the Federal Rules of Civil Procedure, the United States moves for an order dissolving the Court's December 6, 2025 temporary restraining order entered in this case. *See* CM/ECF No. 10.

In support of this motion to dissolve the temporary restraining order, the Government relies upon the attached memorandum of law.

A proposed order is attached hereto.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RICHMAN, *Petitioner-Movant*, v. THE UNITED STATES OF AMERICA, *Respondent*. | CIVIL NO. 1:25-MC-170-CKK |

**UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR RETURN OF PROPERTY AND IN SUPPORT OF UNITED STATES' MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**

Petitioner Daniel Richman's motion for a return of property is actually a collateral motion to suppress aimed at hindering the government from using that property as evidence in a separate criminal proceeding in another district, and his request for preliminary relief is in effect a request that the Court enjoin the Government from conducting an ongoing criminal investigation and a potential prosecution. Neither request is legally appropriate.

Richman's Rule 41(g) motion is not designed to secure the return of property that he needs or wants. It is a strategic tool to obstruct the investigation and potential prosecution of James Comey, and granting it would have the effect of serving as a suppression ruling if Comey is indicted again. But that is emphatically not the purpose of a proper Rule 41(g) motion.

Similarly, the Court's grant of Richman's request for preliminary relief has effectively enjoined the government from investigating and potentially prosecuting Comey. But federal courts cannot enjoin federal criminal prosecutions; a civil plaintiff cannot circumvent bedrock federal criminal procedure via an equitable proceeding like this one. So the Court should dissolve its temporary restraining order and deny Petitioner's motion.

**FACTUAL BACKGROUND**

    **A. The Arctic Haze investigation and Comey's Senate testimony.**

Richman served as a special government employee at the FBI between June 2015 and February 2017.[1] Shortly after his departure from the FBI, the Government began investigating whether Richman had disclosed classified information to *The New York Times* concerning Comey's decisionmaking process concerning the FBI's investigation into former Secretary of State Hillary Clinton's use of a private email server. *See* CM/ECF No. 1-1 at 3. The investigation demonstrated, among other things, that Comey had used Richman to provide information to the media concerning his—that is, Comey's—decisionmaking process concerning the Clinton email investigation and that Richman had served as an anonymous source in doing so.

During the course of the investigation, the Government sought and obtained four search warrants in this district authorizing the Government to search for and seize evidence of violations of 18 U.S.C. §§ 641 and 793 from certain email accounts utilized by Richman, a hard drive containing a forensic image of his personal computer, and his iCloud account.[2] *See* CM/ECF No. 1-1 at 3.

Comey provided relevant testimony to the Senate Judiciary Committee shortly before his employment as FBI Director was terminated, and again in September 2020. In May 2017, he testified in response to questioning from Senator Grassley that he had never authorized someone

---

[1] The government has provided the concise factual summary herein out of an abundance of caution as a result of the Court's December 6, 2025 temporary restraining order (the "TRO"). *See* CM/ECF No. 9 at 4. Should the Court have meant the TRO to permit the government to use materials obtained via the relevant search warrants as part of this litigation, the government is prepared to provide a more detailed factual summary if necessary.

[2] The investigators sought to obtain evidence of violations of 18 U.S.C. § 641 because it appeared that Richman and Comey were using private email accounts to correspond regarding official government business, *i.e.*, that their correspondence were "record[s]" of the United States. *See id.*

at the FBI to serve as an anonymous source regarding the Clinton email investigation. And in September 2020, he reaffirmed that testimony in response to questioning from Senator Cruz.

**B. The Comey prosecution.**

In September 2025, a federal grand jury in the Eastern District of Virginia returned a two-count indictment charging Comey with violations of 18 U.S.C. §§ 1001 and 1505 based on his September 2020 Senate testimony.

After the indictment was returned, the Government filed a motion seeking judicial assistance in implementing a filter protocol. During subsequent litigation related to that request—as well as a motion filed by Comey seeking access to grand jury materials—the assigned magistrate judge raised concerns regarding both potential Fourth Amendment issues and Comey's attorney-client privilege vis-à-vis Richman, who began to represent Comey shortly after his termination as FBI Director.[3]

The indictment was subsequently dismissed after the court found that Lindsey Halligan, who presented the proposed indictment to the grand jury, had been improperly appointed as Interim U.S. Attorney in violation of the Appointments Clause of the U.S. Constitution and 28 U.S.C. § 546. *See generally* Nov. 24, 2024 Order, E.D. Va. Docket No. 1:25-CR-272, CM/ECF No. 213. The court dismissed the indictment without prejudice. *See id.* at 27.

Shortly after the indictment was dismissed, Richman filed a motion in this Court for the return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, in which he

---

[3] Comey informed the Department of Justice's Office of Inspector General that he "didn't consider" his having directed Richman to provide information to *The New York Times* to be "privileged," and that he "didn't intend to assert any kind of privilege about the direction to Richman." *See* Aug. 2019 Report of Investigation of Former Federal Bureau of Investigation Director James Comey's Disclosure of Sensitive Investigative Information and Handling of Certain Memoranda at 50.

sought an order "directing the government to immediately return or delete certain materials illegally seized and/or retained by the government, as well as any copies thereof," a temporary restraining order enjoining "the government from accessing, searching, relying on, or reviewing" the relevant property during the pendency of his motion, and a permanent injunction prohibiting "the government from making any further use of the improperly seized and retained" materials. *See* CM/ECF No. 1.

Approximately a week later, Richman sought a temporary restraining order enjoining the Government from "searching, using, or relying in any way" on the materials that were seized pursuant to the warrants, "as well as any copies thereof or any materials obtained, extracted, or derived therefrom." *See* CM/ECF No. 9 at 1.

The next day, without awaiting a response from the Government, the Court issued an *ex parte* temporary restraining order (a "TRO") that granted in part and deferred in part Richman's request for relief. *See* CM/ECF No. 10. The Court ordered the Government to "identify, segregate, and secure" the image of Richman's "personal computer that was made in 2017, his Columbia University email accounts, and his iCloud account," as well as "any copies of those files" and "any materials obtained, extracted, or derived from those files." *See id.* at 3. The Court further ordered the Government "not to access" the relevant materials after they were "identified, segregated, and secured, or to share, disseminate, or disclose the covered materials to any person, without first seeking and obtaining leave of th[e] Court." *See id.* at 4.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 65(b)(4), an adverse party to a TRO issued without notice may "appear and move to dissolve or modify the order." Fed. R. Civ. P. 65(b)(4). "On a motion to dissolve a temporary restraining order, the party that obtained the order bears the burden of justifying continued injunctive relief" under the traditional TRO standard and a court "need not find proof of changed circumstances." *New York v. Trump*, 765 F. Supp. 3d 287, 291 (S.D.N.Y. 2025) (cleaned up).

"Temporary restraining orders and preliminary injunctions are 'extraordinary remed[ies] that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion.'" *Lofton v. Dist. of Columbia*, 7 F. Supp. 3d 117, 120 (D.D.C. 2013) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). Such a request involves the exercise of a very far-reaching power that "should be sparingly exercised." *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969) (citation omitted).

To obtain a TRO, the movant must demonstrate all of the following factors by "a clear showing": (1) likelihood of success on the merits; (2) irreparable harm absent preliminary emergency relief; (3) the balance of equities between the parties tips in favor of the movant; and (4) preliminary relief serves the public interest. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam). "[A] court must be persuaded as to all four factors." *Scottsdale Capital Advisors Corp. v. Fin. Indus. Regul. Auth., Inc.*, 678 F. Supp. 3d 88, 100 (D.D.C. 2023).

Where, as here, the government is an opposing party, the third and fourth factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Importantly, a "preliminary injunction should not work to give a party essentially the full relief he seeks on the merits." *Dorfmann*, 414 F.2d at 1173 n.13.

**ARGUMENT**

Petitioner's motion is a collateral (and premature) motion to suppress evidence in another criminal proceeding, masquerading as a motion for return of property under Federal Rule 41(g). It is impermissible for a court to enjoin a criminal investigation and potential prosecution in another district by restraining use of evidence to benefit a third party. For those fundamental reasons, the Court should deny Petitioner's motion and dissolve the TRO.

**A. A Rule 41(g) motion cannot be used properly as a collateral motion to suppress.**

Rule 41(g) of the Federal Rules of Criminal Procedure provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

As the D.C. Circuit has explained, "Rule 41(g) allows the owner of property the government has seized in a search to seek its return."[4] *In re Sealed Case*, 716 F.3d 603, 605 (D.C.

---

[4] "Ordinarily, Rule 41[(g)] is used to seek the return of seized property after an indictment has been issued." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993); *see also Black Hills Institute of Geological Research v. U.S. Dep't of Justice*, 967 F.2d 1237, 1239 (8th Cir. 1992) (collecting cases). Nevertheless, "district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *See Ramsden*, 2 F.3d at 324. "These motions are treated as civil equitable proceedings and, therefore, a district court must exercise caution and restraint before assuming jurisdiction." *See id.* (cleaned up); *see also, e.g.*, *Cameron v. Dist. of Columbia*, 2022 WL 3715779, at *9 (D.D.C. Aug. 29, 2022), *rev'd in part and vacated in part on other grounds by Asinore v. Dist of Columbia*, 111 F.4th 1249 (D.C. Cir. 2024).

A district court is to consider "certain factors" before "reach[ing] the merits of a preindictment Rule 41(e) motion." *Ramsden*, 2 F.3d at 224; *see also Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975); *In re Singh*, 892 F. Supp. 1, 3 (D.D.C. 1995) (applying factors summarized in *Ramsden*). "These factors include: 1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the

Cir. 2013) (dismissing appeal from order denying Rule 41(g) motion for lack of jurisdiction). Thus, "[e]ven if assigned its own docket number in [a] district court," such a "motion is likely a component element in a unified criminal case, rather than an independent proceeding." *See id.* at 605–06 (cleaned up).[5]

While Rule 41(g) provides for "once specific remedy—the return of property," *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000), there exists a class of Rule 41(g) motions that are, effectively, improper suppression motions, "even if the [movant] is not under arrest or indictment." *See Martino v. United States*, 2024 WL 3963681, at *1 (3d Cir. Aug. 28, 2024) (per curiam). Such motions are "tied to [a] criminal prosecution," "challenge[] the basis for the seizure and [seek] the return of allegedly wrongfully seized property," and "implicitly seek[] to prevent the use of that property as evidence." *See id.* at *2; *see also, e.g.*, *United States v. Nocito*, 64 F.4th 76, 81–82 (3d Cir. 2023).[6] Orders denying such motions are not subject to interlocutory appeal. *See In re Sealed*

---

redress of his grievance." *See Ramsden*, 2 F.3d at 325. "Whether to exercise [such] jurisdiction in a given case is subject to the sound discretion of the district court." *Richey*, 515 F.2d at 1243.

[5] Rule 41(g) requires that such a motion "be filed in the district where the property was seized," which explains why Richman's motion was filed in this Court and not in the United States District Court for the Eastern District of Virginia.

[6] An order denying such motion is appealable only if the motion was "solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant." *See In re Sealed Case*, 716 F.3d at 606 (cleaned up; citing *DiBella v. United States*, 369 U.S. 121, 131–32 (1962)). The Court of Appeals noted that the movants in *DiBella* did not simply seek the "return of property," but "the suppression of evidence at an upcoming trial," and that "[f]ar from being independent of the trial," the motion practice described in *DiBella* "was an integral part of trial strategy." *See In re Sealed Case*, 716 F.3d at 606.

While the above-described cases dealt principally with the question of interlocutory appealability, the principles upon which they relied demonstrate the reasonableness of the Government's position here in retaining evidence and the unreasonableness of Richman's in seeking to circumvent a future prosecution.

8

*Case*, 716 F.3d 603, 605–09; *see also, e.g.*, *United States v. Nocito*, 64 F.4th 76, 81–82 (3d Cir. 2023); *In re Grand Jury*, 635 F.3d 101, 104 (3d Cir. 2011); *In re Warrant Dated Dec. 14, 1990*, 916 F.2d 1241, 1243–44 (6th Cir. 1992).

To determine whether a Rule 41(g) motion is in fact of that character—*i.e.*, a disguised suppression motion—a court must "look beyond the mere effect of the motion to ascertain its true purpose," *In re Sealed Case*, 716 F.3d at 607, so that the court can determine whether the motion "essentially s[eeks] return of seized property or suppression, delay, or some other such purpose apart from the return of the property." *In re Warrant Dated Dec. 14, 1990*, 916 F.2d at 1244. The "question is whether a Rule 41(g) motion is being used for strategic gain at a future hearing or trial," and "factors probative of purpose" include "the movant's need for the property," and "whether granting the motion would have some effect on the presentation of evidence at a future hearing or trial." *See In re Sealed Case*, 716 F.3d at 607–08. In sum, the question is whether the motion seeks "not just the just the equitable return of property, but also the suppression of evidence—*i.*e., to prevent the government from using the evidence in criminal proceedings." *In re Grand Jury*, 635 F.3d 101, 104 (3d Cir. 2011); *see also, e.g.*, *Nocito*, 64 F.4th at 81 (noting that Rule 41(g) motions "may be misused to hinder criminal prosecutions").[7]

---

[7] The Court of Appeals for the Third Circuit noted that the motion before it was of such a character, since it "request[ed] . . . any *copies* of the seized documents" and "an order directing the government to cease inspecting the evidence pending a ruling." *See In re Grand Jury*, 635 F.3d at 104 (emphasis in original).

Here, as explained below, it is plain that Richman via his Rule 41(g) motion in fact seeks a similar remedy: He requests that the Court issue an order "directing the government to immediately return or delete certain materials illegally seized and/or retained by the government, as well as any copies thereof." *See* CM/ECF No. 1 at 1.

9

> **B. Return or destruction of property is not a remedy for a claimed Fourth Amendment violation if there is an ongoing need for the use of the property in a criminal investigation or prosecution.**

Richman's misguided use of Rule 41(g) to function as a collateral suppression motion on Comey's behalf leads to doctrinal and conceptual errors. Most fundamentally, the motion conflates Fourth Amendment standards with those applicable to Rule 41(g) motions. They are different and serve different purposes. If a criminal defendant objects that evidence was seized in violation of the Fourth Amendment, a motion to suppress is the proper means of advancing that argument. If a property owner claims an unconstitutional seizure, however, he is not necessarily entitled to its return if the Government seeks to use that property in a criminal investigation or prosecution.

Rule 41(g) is "not intended to deny to the United States the use of evidence permitted by the [F]ourth [A]mendment and federal statutes, even if the evidence might have been unlawfully seized," *see* Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment (describing then-Rule 41(e)), since Rule 41(g) "does *not* constitute a statutory expansion of the exclusionary rule." *United States v. Calandra*, 414 U.S. 338, 349 n.6 (1974) (citing then-Rule 41(e)) (emphasis added). Rather, from a Rule 41(g) perspective, if "the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment (describing then-Rule 41(e)) (emphasis added).[8]

That's so because "[t]he return of seized property under Rule 41(g) and the exclusionary rule serve fundamentally different purposes. Suppression helps ensure that law enforcement

---

[8] As Richman correctly notes, the Court of Appeals for the District of Columbia Circuit has similarly noted that "the Fourth Amendment does require continuing retention of seized property to be reasonable." *See Asinor v. Dist. of Columbia*, 111 F.4th 1249, 1261 (D.C. Cir. 2024); *see also* CM/ECF No. 1-1 at 10 (defendant's motion for return of property).

personnel adhere to constitutional norms by denying them, and the government they serve, the benefit of property that is unlawfully seized. Rule 41(g) is concerned with those whose property or privacy interests are impaired by the seizure. Suppression applies only to criminal defendants whereas the class of those aggrieved can be . . . much broader." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010) (per curiam) (en banc), *abrogated in part on other grounds by Hamer v. Neighborhood Hous. Servs. of Chicago*, 538 U.S. 17, 21 (2017); *see also Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (per curiam).[9]

Consequently, Rule 41(g) "avoids an all or nothing approach whereby the government must either return records and make no copies or keep originals notwithstanding the hardship to their owner." Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment (describing then-Rule 41(e)). Indeed, the Rule contemplates that, even when a property owner has a valid claim for return, the government will often be entitled to "preserve[] a copy for future use" if the materials "are relevant to ongoing or contemplated investigations and prosecutions." *Id.* Once again, the purpose of a Rule 41(g) motion is not to preclude the use of evidence at a criminal trial. Just the

---

[9] "When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the property's seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (cleaned up). "But that burden of proof changes when the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or the government has abandoned its investigation. Then, the burden of proof shifts and the defendant is presumed to have a right to the property's return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. The government can rebut the presumption that property ought to be returned by proving a legitimate reason for retaining the property that is reasonable under all of the circumstances." *See id.* (cleaned up).

Here, since, as described below, Richman has sought what is in effect an impermissible suppression remedy—and seeks to prospectively enjoin the Government from conducting a criminal investigation—he has not carried his burden of demonstrating his right to the property's return. Indeed, Richman does not actually seek the property's *return*—he seeks its *destruction*. *See* CM/ECF No. 1.

11

opposite—if the purpose of a motion is to suppress the use of evidence, it is *not* a proper motion under Rule 41(g) at all, but instead an indicator that the matter should be adjudicated through a motion to suppress under the Fourth Amendment and the exclusionary rule.

Accordingly, as the D.C. Circuit has explained, even in the face of a Rule 41(g) motion, the government "can reasonably retain" "evidence in an ongoing criminal investigation or trial"—that is, it may "use seized effects for legitimate law-enforcement purposes." *Asinor v. Dist. of Columbia*, 111 F.4th 1249, 1260–61 (D.C. Cir. 2024); *see also, e.g.*, *United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir. 1979) ("[c]ourts may rightly refuse to return claimed property when . . . the property involved is subject to government retention pending termination of trial"); *Ford-Bey v. United States*, 2020 WL 32991, at *8 (D.D.C. Jan. 2, 2020).

### C. A federal court cannot generally enjoin the Government from engaging in a federal criminal investigation or a future prosecution.

Underscoring the same theme, a civil plaintiff may not typically "use a civil action as a vehicle to attack a criminal prosecution." *Manafort v. U.S Dep't of Justice*, 311 F. Supp. 3d 22, 29 (D.D.C. 2018) (emphasis omitted). The Court of Appeals has "applied this reasoning to hold that in light of traditional equitable principles, and concerns about finality, the subject of a criminal investigation may not bring a civil action to attack an impending federal prosecution," at least in the absence of First Amendment concerns. *See id.* at 30 (citing *Deaver v. Seymour*, 822 F.2d 66 (D.C. Cir. 1987)); *cf. Younger v. Harris*, 401 U.S. 37, 46 (1971). Indeed, the D.C. Circuit could "discover" "no case" in which "a federal court enjoined a federal prosecutor's investigation or presentment of an indictment." *Deaver*, 822 F.2d at 69; *see also Juluke v. Hodel*, 811 F.2d 1553, 1556–57 (D.C. Cir. 1987).

Rather, as *Deaver* explained, a criminal defendant can "raise by motion, but before trial, a defense based on 'defects in the institution of the prosecution,'" *Deaver*, 822 F.2d at 70 (citing

then-Fed. R. Crim. P. 12(b)(1)), and the "very existence of [Rule 12 of the Federal Rules of Criminal Procedure] suggested that [a defendant's] challenge is not to be raised in a preindictment civil injunctive action." *See Manafort*, 311 F. Supp. 3d at 30. And that "implication," the Court of Appeals explained, was "strengthened by the traditional reluctance . . . of an equity court to interfere with criminal proceedings." *Deaver*, 822 F.2d at 70. Thus, the D.C. Circuit explained:

> Congress has established as comprehensive set of rules governing federal criminal prosecutions—the Federal Rules of Criminal Procedure. These rules provide adequate, although limited, opportunities for defendants to challenge shortcomings in prosecutorial authority. . . . Prospective defendants cannot, *by bringing ancillary equitable proceedings, circumvent federal criminal procedure*.

*See Deaver*, 822 F.2d at 71 (emphasis added).

Even when the civil plaintiff is not personally the prospective criminal defendant, the same basic logic holds with respect to efforts to foreclose criminal proceedings via preemptive civil actions: "an attempt to restrain the future activities of [a] prosecutor" is impermissible. *See Manafort*, 311 F. Supp. 3d at 32.

### D. Under these principles, the Court should not permit Richman to collaterally seek the suppression of evidence in the Comey prosecution via Rule 41(g).

Applying these principles, it is clear that Richman's Rule 41(g) motion is not a valid or meritorious motion for return of property, but instead a transparent effort to suppress evidence in the Comey matter. That is improper multiple times over, and so the Court should deny the motion and dissolve the TRO that it issued on an *ex parte* basis last week

Richman does not genuinely want any property *back*—after all, the government merely has *copies* of his data. Yet he sought an order "directing the government to immediately return or delete certain materials illegally seized and/or retained by the government, *as well as any copies thereof*." CM/ECF No. 1 at 1 (emphasis added). Moreover, he sought (and obtained) an order "temporarily enjoining the government from accessing, searching, relying on, or reviewing" the

13

relevant materials, as well as a permanent injunction prohibiting "the government from making any further use of the improperly seized and retained" materials. CM/ECF No. 1 at 1. His request for "*copies* of the seized documents" and "an order directing the government to cease inspecting the evidence pending a ruling," confirms that his motion seeks suppression of evidence, not the return of property. *In re Grand Jury*, 635 F.3d at 104 (emphasis in original); *see also In re Sealed Case*, 716 F.3d at 606 (noting that the movants in *DiBella* did not simply seek "return of property," but "suppression of evidence at an upcoming trial," and that "[f]ar from being independent of the trial," the motion "was an integral part of trial strategy").

Richman therefore does not seek "just the equitable return of property," but to "prevent the government from using the evidence in criminal proceedings." *In re Grand Jury*, 635 F.3d at 104. Granting his motion would thus clearly "have some effect on the presentation of evidence at a future hearing or trial." *In re Sealed Case*, 716 F.3d at 607; indeed, Richman *expressly requests* that the government be "barred from using evidence" should Comey be indicted again. *See* CM/ECF No. 1-1 at 19; *see also id.* at 16 (asserting that even "responsive" data "no longer b[ears] any relation to a potential criminal activity to be charged").[10]

---

[10] The principles set forth herein—that a court should not provide a suppression remedy during a Rule 41(g) proceeding and that a federal court should not enjoin a federal investigation or prosecution except when the prosecution would violate the First Amendment—militate strongly against the Court's exercising jurisdiction here. Particularly because Richman seeks extraordinary equitable relief, the Court should exercise significant "caution and restraint before assuming jurisdiction over the motion," *see In re Singh*, 892 F. Supp. 1, 3 (D.D.C. 1995) (cleaned up); indeed, "an equity court" is to be "traditional[ly] reluctan[t]" in "interfer[ing] with criminal proceedings." *Deaver v. Seymour*, 822 F.2d 66, 70 (D.C. Cir. 1987).

Richman claims that the Court should exercise equitable jurisdiction because the Government "retained and searched the seized property through wrongdoing," *see* CM/ECF No. 1-1 at 21, but that is incorrect. A district court must "balance" the factors; no single factor is sufficient. *See United States v. Fed. Ins. Co*, 2024 WL 1714273, at 2 (9th Cir. Apr. 22, 2024) (cleaned up).

The close connection to the Comey prosecution is also demonstrated by the *timing* of Richman's motion. Richman does not remotely explain why he did not seek relief via Rule 41(g) after the "Arctic Haze investigation closed in 2021 without any charges being filed." CM/ECF No. 1-1 at 6. But the timing makes perfect sense once one recognizes that this motion is in substance a suppression motion directed at the Comey prosecution if Comey is reindicted. *See In re Sealed Case*, 716 F.3d at 606–07. And Richman is flatly mistaken that "any charges related to the underlying conduct are time-barred" simply because the district court held that the prior indictment was "void" as a result of an appointment defect. CM/ECF No. 1-1 at 24. The statute of limitations has indeed expired on the charges with which the grand jury indicted Comey, but 18 U.S.C. § 3288 expressly allows the United States to reindict "[w]henever an indictment . . . charging a felony is dismissed *for any reason* after the period prescribed by the statute of limitations has expired." *See United States v. Macklin*, 535 F.2d 191, 193 (2d Cir. 1976).

Given that Richman has all but conceded that he seeks a suppression remedy directed at a future prosecution (if Comey is reindicted), it would be unreasonable for the Court to allow Richman to collaterally secure that result. Again, Rule 41(g) is "not intended to deny to the United States the use of evidence permitted by the [F]ourth [A]mendment and federal statutes, *even if the evidence might have been unlawfully seized*," see Fed. R. Crim. P. 41 advisory committee's note

---

Regardless, the Court should be hesitant to assume jurisdiction here even applying the *Ramsden* factors. The Government did not display a callous disregard for Richman's Fourth Amendment rights—it obtained the pertinent property via search warrants. Nor does Richman have a want or need for the property he purportedly wants *returned*—indeed, he wants it *destroyed*. *See* CM/ECF No. 1. And it is difficult to see how Richman faces irreparable injury if the documents are not returned to him—being a potential witness in federal criminal prosecution is not an irreparable injury. *Cf. Deaver*, 822 F.2d at 69 (collecting cases and noting that being charged with a crime—even for an innocent person—is not an irreparable injury). Finally, Richman plainly has an adequate remedy at law—he could bring a *Bivens* action.

to 1989 amendment (describing then-Rule 41(e)) (emphasis added), since Rule 41(g) "does *not* constitute a statutory expansion of the exclusionary rule." *Calandra*, 414 U.S. at 349 n.6.[11]  And it cannot seriously be disputed that the materials that Richman wants returned or destroyed are "relevant to [an] ongoing or contemplated investigation[] and prosecution[]," *see* Fed. R. Crim. P. 41 advisory committee's note to 1989 amendment; indeed, that's presumably why Richman wants the government to be compelled to destroy any *copies* of those materials.  *See In re Grand Jury*, 635 F.3d at 104.  That is a remedy that Richman cannot seek, because it is clear under governing law that "[c]ourts may rightly refuse to return claimed property" if "the property involved is subject to government retention *pending termination of trial*."  *United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir. 1979) (emphasis added).  That will be the case here should the government obtain a new indictment of Comey.  If that does transpire, Comey will be free to move to dismiss that new indictment or seek suppression under Rule 12(b) of the Federal Rules of Criminal Procedure.  *See Deaver*, 822 F.2d at 70–71.

---

[11] To be clear, the government denies that there has been any violation of the Fourth Amendment, but reserves the right to fully litigate that issue in the context of a proper suppression motion in a criminal case.  Of particular note, while Richman contends that the government erred by using evidence properly searched for and seized in investigating potential violations of 18 U.S.C. §§ 641 and 793 in ultimately determining to seek an indictment charging Comey with violations of 18 U.S.C. §§ 1001 and 1505, Richman is legally mistaken.  There is "no reason why property seized under a valid search warrant, then thus lawfully obtained by the government, may not be used in the prosecution for a crime other than that which may have been described in the affidavit." *Gouled v. United States*, 255 U.S. 298, 311–12 (1921), *abrogated on other grounds by Warden v. Hayden*, 387 U.S. 294, 302 (1967); *see also, e.g.*, *United States v. Hanon*, 428 F.2d 101, 104 (8th Cir. 1970); *United States v. Pugh*, 2015 WL 9450598, at *22 n.15 (E.D.N.Y. Dec. 21, 2015).

Moreover, even if there were a Fourth Amendment violation, it's clear under governing law that even the presentation of such evidence to a grand jury wouldn't be a sufficient basis to dismiss an indictment.  *See Calandra*, 414 U.S. at 344–45; *see also Bracy v. United States*, 435 U.S. 1301, 1302 (Rehnquist, J., denying stay application).  And if such a claim isn't a basis for that extraordinary remedy, it's similarly no basis for the equitable relief that Richman requests here.

Finally, it would be unreasonable for the Court to grant Richman the prospective relief he requests—that is, a permanent injunction prohibiting the government "from making any further use" of the relevant materials, *see* CM/ECF No. 1, because granting that relief would have the effect of permitting a civil litigant "to attack an impending federal prosecution." *Manafort v. U.S. Dep't of Justice*, 311 F. Supp. 3d 22, 30 (D.D.C. 2018). Granting Richman the permanent injunction he seeks—and thereby "barr[ing]" "and permanently enjoin[ing]" the Government "from making any further use" of the challenged materials, *see* CM/ECF No. 1; CM/ECF No. 1-1 at 19—would impermissibly "enjoin[] a federal prosecutor's investigation or presentment of an indictment." *See Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987). And since "an attempt to restrain the future activities of [a] prosecutor" is impermissible, *see Manafort*, 311 F. Supp. 3d at 32, it would be unreasonable for the Court to grant him the requested relief.[12]

For all of these reasons, the Court should deny Richman's motion and dissolve the TRO, because by issuing it the Court has effectively enjoined the government from conducting a criminal investigation and potential prosecution.

---

[12] The TRO should be dissolved for substantially the same reasons. Richman is not likely to succeed on the merits of his motion, since, as described above, it is in effect an impermissible collateral motion to suppress, and forcing the Government to destroy the relevant materials at this stage would be unreasonable. Richman will not suffer irreparable harm if the relevant materials are not destroyed. The use of Richman's materials in a prosecution of Comey (if he is indicted) is not a harm to Richman, and potentially being called as a trial witness and questioned about the materials isn't a cognizable harm, either; he can also bring a *Bivens* claim if he so chooses. Moreover, the balance of the equities here doesn't favor Richman, since he's seeking extraordinary equitable relief—that is, a court order requiring the Government to destroy evidence in a pending criminal investigation. Finally, preliminary relief wouldn't serve the public interest, since granting Richman's request would be an impermissible intrusion by a federal court that might delay or hinder a potential federal criminal prosecution.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that Defendant's motion for the return of property be denied, and the temporary restraining order be dissolved.

Respectfully submitted on December 9, 2025.

>*/s/ Todd W. Blanche*
>Deputy Attorney General
>United States Department of Justice
>Robert F. Kennedy Building
>950 Pennsylvania Avenue, NW
>Washington D.C.  20530
>
>*/s/ Lindsey Halligan*
>United States Attorney
>Eastern District of Virginia
>Florida Bar No. 109481
>2100 Jamieson Avenue
>Alexandria, VA  22314
>Telephone:  703-299-3700
>Lindsey.Halligan@usdoj.gov
>
>*/s/ Robert K. McBride*
>Robert K. McBride
>First Assistant United States Attorney
>Eastern District of Virginia
>2100 Jamieson Avenue
>Alexandria, VA  22314
>Telephone:  703-299-3700
>Robert.K.McBride2@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have this 9th day of December, 2025, the government served a copy of the foregoing upon counsel for the petitioner-movant via email correspondence.

/s/ Todd W. Blanche
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C.  20530

/s/ Lindsey Halligan
United States Attorney
Eastern District of Virginia
Florida Bar No. 109481
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

/s/ Robert K. McBride
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.K.McBride2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RICHMAN,<br><br>*Petitioner-Movant*,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Respondent*. | CIVIL NO. 1:25-MC-170-CKK |

**[PROPOSED] ORDER DISSOLVING TEMPORARY RESTRAINING ORDER**

Upon consideration of the Government's memorandum in support of its motion to dissolve the temporary restraining order entered by this Court on December 6, 2025, *see* CM/ECF No. 10, the Government's motion is granted, and the temporary restraining order is dissolved. *See* Fed. R. Civ. P. 65(b)(4).

_____
THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE


_____
DATED: