# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RICHMAN, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Misc. Action No. 25-0170 (CKK) |

**ORDER**
(December 9, 2025)

The Court is in receipt of the Government's [12] Response in Opposition to Petitioner Daniel Richman's Motion for Return of Property and Motion to Dissolve Temporary Restraining Order. Therein, the Government notes that it "is prepared to provide a more detailed factual summary" of the relevant events if the Court allows the Government to use materials obtained from Petitioner Richman through the relevant search warrants "as part of this litigation." Gov't's Opp'n & Mot., Dkt. No. 12, at 3; *see* Order, Dkt. No. 10, at 4 (temporarily limiting the Government's ability to "access" certain materials without leave of this Court).

Before resolving Petitioner Richman's [1] Motion for Return of Property, this Court will "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). If the Government contends that it needs access to the materials at issue to present evidence that is necessary to the resolution of Petitioner Richman's [1] Motion, the Court will entertain a request for leave to access the covered materials for that purpose.

However, the Court is mindful that Petitioner Richman contends that some of the materials at issue are subject to the attorney-client privilege and some are unresponsive to the warrants under which they were seized. *See* Pet'r's Mem. in Support of Mot. for Temporary

1

Restraining Order, Dkt. No. 9-1, at 7 (stating that the seized materials include "a significant quantum of privileged information involving multiple clients"); *id.* at 6 (stating that the materials include "a trove of personal and professional information unrelated to [the] investigation" in which they were seized). Presumably in part due to these issues, the Government acknowledges that it sought "judicial assistance in implementing a filter protocol" for review of these materials in *United States v. Comey*, No. 25-cr-272 (E.D. Va. filed Sept. 25, 2025). *See* Gov't's Opp'n & Mot., Dkt. No. 12, at 4. Although no one has yet formally entered an appearance for the Government in this matter, the Court understands that the Government will be represented here by at least one of the same attorneys who appeared for the Government in the *Comey* matter. It therefore appears to this Court that a filter protocol may also be warranted in this case.

Accordingly, no later than **12:00 p.m. ET tomorrow, December 10, 2025**, the Government may file a brief motion for leave to access the covered materials for the limited purpose of responding to Petitioner Richman's claims in this case. This motion should include a proposal for a suitable filter protocol, including an opportunity for Petitioner Richman to review the material at issue and assert any claims of attorney-client privilege on behalf of his clients, if appropriate. Petitioner Richman may file a brief response to the Government's motion no later than **5:00 p.m. ET tomorrow, December 10, 2025**.

**SO ORDERED.**

Dated: December 9, 2025

　　　　　　　　　　　　　　　　　　　　／s／ Colleen Kollar-Kotelly
　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　United States District Judge

2