UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL RICHMAN,**<br><br>*Petitioner-Movant,*<br><br>v.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>*Respondent.* | CIVIL NO. 1:25-MC-170-CKK |

## EMERGENCY MOTION TO CLARIFY AND MODIFY ORDER AND EXTEND COMPLIANCE DEADLINE

Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, the United States moves for an order modifying and clarifying the Court's December 12, 2025 order and to extend the deadline for complying with it. *See* ECF No. 20. The government has conferred with counsel for petitioner and petitioner does not object to the extension for seven days of the deadline for compliance.

In support of this motion to clarify and modify and to extend the compliance deadline, the Government relies upon the attached memorandum of law.

A proposed order is attached hereto.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL RICHMAN,**<br><br>*Petitioner-Movant*,<br><br>v.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>*Respondent*. | CIVIL NO. 1:25-MC-170-CKK |

### UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION TO MODIFY AND CLARIFY THE COURT'S DECEMBER 12, 2025 ORDER AND TO EXTEND THE COMPLIANCE DEADLINE

The Court's December 12, 2025 order granted petitioner's Rule 41(g) motion for return of property, provided that the Government may prepare one complete copy of the relevant materials and deposit that copy under seal with the United States District Court for the Eastern District of Virginia, ordered that the Government shall return to Richman all other copies of the covered materials, and ordered that the Attorney General of the United States certify to the Court by 4:00 PM on December 15, 2025, with specificity, that the Government has "taken each of the steps required by the Court and has not made or retained any additional copies of the covered materials." ECF No. 20 at 1–2. Absent clarification, the order places the government in an impermissible bind—either violate this Court's directive or violate independent statutory, procedural, and constitutional obligations—a result incompatible with the separation of powers and the proper administration of justice.

Consistent with the Court's order, the Government is prepared to deposit a copy of the relevant materials (which appears to include classified information) with the Classified Information Security Officer for the United States District Court for the Eastern District of

Virginia. However, as described below, the Government's other obligations under the order are unclear, are seemingly inconsistent with the Government's obligation to preserve the materials and would seem to require the disclosure of classified information to Richman. Additionally, the order imposes overlapping and, in several respects, undefined obligations concerning the return, preservation, custody, and certification of compliance with respect to electronically stored materials that may also constitute evidence, federal records, or privileged communications. Without clarification, the order risks compelling compliance in a manner that would require the Government to violate independent and binding obligations governing evidence preservation, privilege, sealing orders, and statutory record retention.

As written, the order risks requiring the Judiciary to assume the executive-branch functions related to evidence custody and chain-of-custody management—functions traditionally and constitutionally committed to the Executive Branch. It likewise risks compelling personal action by a Cabinet-level officer where lawful delegation is the ordinary, constitutionally grounded, and historically established means by which the Executive Branch functions. Accordingly, the Government respectfully requests that the Court permit a designee of the Attorney General to certify compliance on behalf of the Government, as the Court did with respect to the similar certification requirement it imposed in last week's temporary restraining order. Allowing certification by a knowledgeable designee preserves accountability, ensures accurate and timely compliance, and avoids unnecessary constitutional tension, particularly where there has been no finding of bad faith or noncompliance and where delegation is the ordinary and lawful means by which the Executive Branch carries out court-ordered obligations.

Finally, the Government respectfully requests a brief extension of the compliance deadline to allow the Court to clarify the Government's obligations and to permit full and accurate compliance once those obligations are defined.[1]

### FACTUAL BACKGROUND

On December 12, 2025, the Court issued an order that permits the Government to create one complete copy of the covered materials, and to deposit this copy under seal with the United States District Court for the Eastern District of Virginia. ECF. No. 20 at 1. The Court further ordered that the Government "shall return" all other copies of the covered materials, except for that single copy, *see id.*, and ordered the Attorney General of the United States to "certify to th[e] Court, with specificity, no later than 4:00 p.m. on Monday, December 15, 2025, that the United States has taken each of the steps required by the Court and has not made or retained any additional copies of the files that the Court has ordered be returned to Petitioner Richman." *See id.* at 2 (emphasis omitted).

Shortly after receipt of the Court's December 12, 2025 order, the Government created "one complete copy of the electronic materials at issue in Petitioner Richman's motion," which the Government intends to deposit with the Classified Information Security Officer for the United States District Court for the Eastern District of Virginia. ECF No. 20 at 1. That copy is currently located at the Federal Bureau of Investigation's Headquarters, as are the original media (*i.e.*, hard

---

[1] The Government conferred on December 15, 2025 with Richman's counsel before filing this motion and was informed that counsel did not object to a one-week extension for the Government to certify compliance with the order, contingent on the Government's agreeing to abide by the Court's orders not to access or distribute the covered materials. *See* ECF No. 10; ECF No. 20 at 2. (As set forth herein, the Government will not access or distribute those materials without leave of Court.) Counsel for Richman does object to any modification of that portion of the Court's order requiring Attorney General certification.

4

and/or flash drives and discs) containing the relevant materials.[2] The Court's order also requires that the Government return all copies to Petitioner Richman, and that the Attorney General's certification include that the Government "has not made *or retained* any additional copies of the files that the Court has ordered returned to Petitioner Richman." *See* ECF No. 19 at 46 (emphasis added). This order appears to require the Government to delete or destroy evidence originally, and lawfully, obtained pursuant to search warrants issued by the U.S. District Court for the District of Columbia in 2019 and 2020.

The Government is simultaneously complying with a litigation hold put in place pursuant to a preservation letter from counsel for James Comey.[3] *See* Gov. Ex. 1 at 19. The Government further understands that copies of portions of the relevant files are in the possession of government personnel (*e.g.*, having been printed, saved locally, or emailed). Finally, the Government understands that the relevant files may include e-mails and other electronic communications between Petitioner Richman and James Comey, when both individuals were employed at the FBI, and regarding government business.[4] Such files are undoubtedly property of the Government and are likewise required to be maintained by the Government, and in the Government's possession, pursuant to the Federal Records Act of 1950.

---

[2] Before depositing any material with the United States District Court for the Eastern District of Virginia, the Government has determined that the copy to be deposited with the Court appears to contain classified information, *i.e.*, a memorandum sent by Comey to Richman in May 2017. *See* Aug. 2019 Department of Justice Inspector General Report of Investigation of Former Federal Bureau of Investigation Director James Comey's Disclosure of Sensitive Investigative Information and Handling of Certain Memoranda at 13. But the Government is prohibited from reviewing the substance of the information to be deposited because of the Court's temporary restraining order, which remains in effect. ECF No. 10; ECF No. 20 at 2.

[3] The Government's compliance with the order may also implicate the Government's obligation to maintain files pursuant to the Federal Records Act. *See* 44 U.S.C. § 3301 *et seq.*

[4] Indeed, as the Court noted in its December 12, 2025 opinion, the Arctic Haze investigation in part concerned alleged "theft and conversion of public records." *See* ECF No. 19 at 8; *see also* 18 U.S.C. § 641.

5

Finally, the Court's December 12, 2025 order requires that the U.S. District Court for the Eastern District of Virginia serve as the evidence custodian for the files in Petitioner Richman's motion that is currently in the Government's possession, until such a time that the Government secures a search warrant for such files. However, the Court does not specify the procedures or measures that the U.S. District Court for the Eastern District of Virginia must employ to ensure safekeeping and preservation of such evidence (including classified information). The Government would be willing to recommend best practices on safekeeping evidence to the Court, as this is naturally an Executive Branch function. Finally, the Court does not specify which designee of the U.S. District Court for the Eastern District of Virginia would serve as a testifying witness for the Government at a trial to establish proper chain of custody of evidence.

The Government will continue to comply with its obligation pursuant to the Court's December 6, 2025 order not to access or share the relevant files without leave of the Court. *See* ECF No. 10 at 4; *see also* ECF No. 20 at 2.

## **LEGAL STANDARD**

"Rule 60(b)" of the Federal Rules of Civil Procedure "provides that upon such terms as are just, the Court may relieve a party from a final judgment, order, or proceeding for any of several specified reasons." *United States v. Rice*, 2019 WL 1778509, at *2 (D.D.C. Apr. 22, 2019) (cleaned up). Rule 60(b)(6) "grants federal courts broad authority to relieve a party" from an order "upon such terms as are just, provided that the motion is made within a reasonable time and is not premised upon one of the grounds for relief enumerated in clauses (b)(1) through (b)(5) of the Rule." *Salazar ex rel. Salazar v. Dist. of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (cleaned up). "The Rule does not particularize the factors that justify relief, but . . . it provides courts with authority adequate to enable them to vacate [orders] whenever such action is appropriate to

accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (cleaned up).

"Although [a] [c]ourt enjoys a large measure of discretion in deciding whether to grant or deny a Rule 60(b)(6) motion, the Supreme Court has held that Rule 60(b)(6) only applies in extraordinary circumstances, and [the D.C. Circuit] has cautioned that Rule 60(b)(6) should be only sparingly used." *See Rice*, 2019 WL 1778509, at *2 (cleaned up); *see also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025) (noting that "only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall").

## ARGUMENT

Given the extraordinary time constraints imposed by the Court's order,[5] the lack of clarity with respect to the Government's obligation to return property to Richman pursuant to the order (or destroy it), *see* Fed. R. Crim. P. 41(g), the lack of clarity as to which property should be returned to Richman (or *can* be, insofar as classified information is concerned), the conflicting burdens under which the Government has been placed because of its dueling obligation to preserve the relevant materials as required by law and as requested by counsel for Comey, and apparent limitation of inherent Executive Branch investigative functions, including safekeeping of evidence and maintaining the chain of custody, and awarding of those functions to the Judiciary, the Court should clarify the Government's duties under the order. The Court should also modify the order

---

[5] The Government maintains its position that the Government did not engage in an impermissible search in the 2025 investigation, nor did the Government engage in an unreasonable seizure by continuing to hold the documents obtained by the Government through a lawful search warrant in 2019. Petitioner Richman voluntarily provided these documents pursuant to consent, and while the consent agreement with Petitioner Richman includes limitations on searches, it does not provide, in the event of a prohibited search, for return of property or render continued possession of the property an unlawful seizure. Accordingly, this Court erred in treating any impermissible *search* as authorizing this Court's order under Rule 41(g)—which addresses unlawful or harmful seizures—and the Court should grant reconsideration on that basis.

to allow the Attorney General's designee—not the Attorney General personally—to certify compliance with it.

**A. The Court should clarify the Government's obligations under the order.**

The order appears to require that the Government must (or may) take all the following actions within less than one business day after its issuance.

1. The Government "may prepare one complete copy of the covered materials and deposit that copy, under seal, in the U.S. District Court for the Eastern District of Virginia." ECF No. 20 at 1.

2. The Government must otherwise return "all copies of the covered materials" to Richman. *See id*.

Consistent with the order, the FBI has prepared a complete copy of the covered materials and is prepared to lodge that copy, under seal, with the Classified Information Security Officer for the United States District Court for the Eastern District of Virginia.

The Government nevertheless requests that the Court clarify the Government's obligations under the order for at least the following reasons.

1. Assuming that the Government lodges the single copy of the covered materials that it has created with the Classified Information Security Officer for the United States District Court for the Eastern District of Virginia, personnel employed by that court will be made witnesses to potential future litigation regarding the chain-of-custody as to those materials. It is also thus far unclear to the Government (given the extraordinary time pressure created by the order) how and whether the United States District Court for the Eastern District of Virginia can safeguard that potential evidence.

8

2. The Court's order appears to require the Government to provide Richman with "all copies of the covered materials" except for the single copy envisioned by the Court. *See* ECF No. 20 at 1. It is not clear to the Government how the Government should proceed, for at least the following reasons.

   a. It is unclear to the Government whether the Court means for the Government to provide to Richman the *original evidence* obtained during the Arctic Haze investigation (*i.e.*, hard and/or flash drives and discs currently in the custody of the FBI), or a complete copy of that digital data like the one which may be provided to the United States District Court for the Eastern District of Virginia. Consistent with the Court's order, the government has subsequently made one—and only one—copy of the covered materials. *See id.* Furthermore, the provision of original evidence will require various approvals (and concomitant documentation) within the FBI. Moreover, as noted above, the evidence appears to contain classified information, and that information cannot lawfully be provided to Richman.

   b. It is similarly unclear to the Government whether the Court means for the Government to provide Richman with all copies of portions of the covered materials that are in the possession of government personnel (*e.g.*, having been printed, saved locally, or emailed) *in addition to* a full and complete copy of the covered materials, or whether the Court intended that such documents be *destroyed* by the Government. The provision of such documents to Richman might in some cases (*e.g.*, if a document from the covered materials was attached to an email sent by an attorney for the

    Government) seriously implicate the Government's attorney-client privilege, the attorney work-product doctrine, attorney-client confidentiality, the deliberative process privilege, and, potentially, other applicable law, including, but not limited to, sealing orders accompanying the search warrants and any potential grand jury material subject to Rule 6(e) of the Federal Rules of Criminal Procedure.

  c. Similarly, since the covered materials consist of digital data stored on both electronic media (*i.e.*, on hard and/or flash drives and discs) and electronically by the Government on computers and/or servers, it is unclear to the Government whether the Court's order requires that the Government *destroy or purge* all relevant digital data in its possession, custody, and control after providing a full copy of that digital data (in whatever form designated by the Court) to Richman and to the United States District Court for the Eastern District of Virginia. *See* ECF No. 20 at 2 (stating that the Government shall not "retain[] any additional copies of the covered materials").

3. The Court's order requiring the Government to provide Richman with "all copies of the covered materials" except for the above-described single copy would appear to have the effect of rendering the Government in violation of the litigation hold it imposed in response to the preservation letter served on the Government by counsel for Comey. *See* Gov. Ex. 1 at 19.

Consequently, given the extraordinary circumstances created by the unclear and seemingly conflicting legal obligations created by the order, the Government respectfully requests that the

10

Court issue an order clarifying how the Government is to proceed with respect to the provision of the covered materials (including classified information) to Richman.

To permit the Court sufficient time to clarify its order, and for the government to comply with its obligations under it, the government respectfully requests that the Court extend the deadline for complying with that order by seven days, especially to the extent the Court wishes to compel the personal attention of the Attorney General to the matter of compliance. Doing so will not prejudice the movant, as the Government in the meantime will continue to comply with its obligation pursuant to the Court's December 6, 2025 order not to access or share the covered materials without leave of the Court. *See* ECF No. 10 at 4; *see also* ECF No. 20 at 2.

### B. The Court should modify the order to permit the Attorney General's designee to certify compliance.

The Attorney General is a cabinet-level official, who is tasked with overseeing the Department of Justice and its approximately 100,000 employees, and its prosecutorial, law-enforcement, and grant-issuing functions. The Attorney General has directed appropriate Department of Justice personnel to seek clarification of the obligations imposed by this Court's order and to take steps to comply with those obligations. But there is no practical or legal reason to require the Attorney General to immediately and personally certify compliance on the unusually expedited timeframe imposed by the Court's order, rather permit her to rely on any of her hundreds of attorneys and officers, including any attorney employed by the U.S. Attorney's Office for the Eastern District of Virginia or the Department of Justice, generally.

### CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court issue an order clarifying the Government's obligations under the December 12, 2025 order, and modifying

11

the requirement that the Attorney General personally certify compliance with it.  The Court should also extend by seven days the deadline for complying with that order.

Respectfully submitted on December 15, 2025.

/s/ Todd W. Blanche
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C.  20530

/s/ Lindsey Halligan
United States Attorney
Eastern District of
Virgina Florida Bar
No. 109481 2100
Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

/s/ Robert K. McBride
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.McBride2@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 15th day of December, 2025, the government served a copy of the foregoing upon counsel for the petitioner-movant via the CM/ECF system.

*/s/ Todd W. Blanche*
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C.  20530

*/s/ Lindsey Halligan*
United States Attorney
Eastern District of
Virginia Florida Bar
No. 109481 2100
Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

*/s/ Robert K. McBride*
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.K.McBride2@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL RICHMAN,**<br><br>*Petitioner-Movant,*<br><br>*v.*<br><br>**THE UNITED STATES OF AMERICA,**<br><br>*Respondent.* | **CIVIL NO. 1:25-MC-170-CKK** |

## [PROPOSED] ORDER CLARIFYING AND MODIFYING DECEMBER 12, 2025 ORDER AND EXTENDING DEADLINE FOR COMPLIANCE

Upon consideration of the Government's memorandum in support of its motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to clarify and modify the order entered by the Court on December 12, 2025, *see* ECF No. 20, the Court's order is modified as follows:

1. The Government shall provide Richman a full and complete copy of the covered materials (not including any classified information) as soon as is technically feasible.

2. The Government shall lodge a full and complete copy of the covered materials under seal with the Classified Information Security Officer for the United States District Court for the Eastern District of Virginia.

3. Other than providing full and complete copies of the covered materials to Richman (not including any classified information) and the Classified Information Security Officer for the United States District Court for the Eastern District of Virginia, the Government shall maintain the original evidence (and any other portions of the covered materials in the possession of the Government) and shall not access the covered materials or share, disseminate, or disclose the covered materials to any person without first seeking and obtaining a Court order.

4. The Attorney General's designee may certify that the Government has complied with this order.

5. The Attorney General's designee shall certify that the Government has complied with this order by the close of business on December 22, 2025.

6. Nothing in this order shall be construed to require the disclosure or waiver of attorney-client privilege, work product, deliberative process privilege, grand jury secrecy, or other applicable privilege or protection. Compliance with this order shall not constitute a waiver of any such privilege protection.

7. Pursuant to Federal Rule of Evidence 502(d), the production of any materials pursuant to this Order shall not result in a waiver of any privilege or protection in this or any other proceeding.

8. Materials produced to Richman pursuant to this Order may be used solely for purposes of this proceeding and shall not be disclosed, disseminated, or used for any other purpose absent further order of the Court.

THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

DATED: