## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RICHMAN,<br><br>   Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Civil Misc. Action No. 25-0170 (CKK) |

**ORDER**
(December 15, 2025)

The Court is in receipt of the Government's [22] Emergency Motion to Clarify and Modify this Court's [20] Order granting Petitioner Daniel Richman's [1] Motion for Return of Property. The Government requests a seven-day extension of its deadline to certify compliance with this Court's Order, as well as several technical clarifications or modifications to the scope of the Order. Petitioner Richman does not object to the Government's request for a seven-day extension. The Government represents that, until the continued deadline that it requests, it "will continue to comply with its obligation pursuant to the Court's December 6, 2025 order not to access or share the covered materials without leave of the Court." Gov't's Mot., Dkt. No. 22, at 11.

The Government's [22] Motion, which was filed approximately one hour before the deadline for the filing of a certification of compliance set forth in this Court's [20] Order, raises a variety of issues related to the handling of classified information and information that may be subject to the Government's own privileges, including the attorney-client privilege and the deliberative process privilege. The Government could have—and should have—raised many of these issues earlier in its initial Response to Petitioner Richman's [1] Motion for Return of

Property, but it did not do so. The Court will clarify its [20] Order at greater length by separate order and, if appropriate, will request further briefing from the parties. For now, the Court notes three important clarifications:

On the present record, it is the Court's understanding that Petitioner Richman has already consented to the deletion of classified material that may have been included in the image of his personal computer that is at issue here. Accordingly, the Court did not order, and is not ordering, the return of classified information to Petitioner Richman.

Further, this Court's Order directed the return of Petitioner Richman's own materials (and any copies of those materials), *not* any derivative files that the Government may have created. *See* Order, Dkt. No. 20, at 1 (directing the return of the original materials, copies of those materials, and any materials "directly obtained or extracted" from them); *see also id.* at 41 (explaining that the Court would not bar the Government from "using or relying on" the relevant materials in a separate investigation or proceeding). Accordingly, compliance with the Court's Order will not intrude upon any of the Government's privileges.

Finally, it was not the Court's intention to require a personal certification of compliance by the Attorney General of the United States. The Court's Memorandum Opinion makes clear that a designee of the Attorney General could discharge this responsibility. *See* Mem. Op., Dkt. No. 21, at 4 ("The Court shall further ORDER the Attorney General of the United States or her designee to certify . . . ."). The Court also understood the certification of compliance to be among the responsibilities that the Attorney General may delegate in the routine performance of her duties. Consistent with these understandings, the Court shall clarify its Order to specify that a designee of the Attorney General may certify compliance.

For the foregoing reasons, upon consideration of the Government's [22] Motion, and for good cause shown, it is **ORDERED** that this Court's [20] Order dated December 12, 2025, is **CLARIFIED** and **MODIFIED**, as follows:

The deadline for the Government's certification of compliance is **CONTINUED**, *nunc pro tunc*, to **4:00 p.m. ET on December 22, 2025**. No later than that time, the Attorney General or her designee shall certify, with specificity, that the Government has complied with this Court's [20] Order dated December 12, 2025, as clarified and modified by this Order and any subsequent Order of this Court.

**SO ORDERED.**

Dated: December 15, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge