**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DANIEL RICHMAN,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Misc. Action No. 25-0170 (CKK) |

**ORDER**
(December 16, 2025)

Upon further consideration of the Government's [22] Emergency Motion to Clarify and Modify this Court's [20] Order granting Petitioner Daniel Richman's [1] Motion for Return of Property, the Court concludes that it would benefit from further submissions from the parties on issues relevant to determining the appropriate remedy in this case, including determining what property the Government must return to Petitioner Richman under Federal Rule of Criminal Procedure 41(g).[1]  To ensure the prompt resolution of the Government's [22] Emergency Motion, the Court will require that these submissions be made on an expedited basis.

First, the Government states in its [22] Emergency Motion that it "would be willing to recommend best practices on safekeeping evidence" that will be deposited with the United States District Court for the Eastern District of Virginia, including protecting classified information, preserving an uninterrupted chain of custody, and ensuring the availability of a witness who can establish chain of custody in a future proceeding. *See* Gov't's Mot., Dkt. No. 22, at 6.  It is

---

[1] In a footnote, the Government requests reconsideration of this Court's merits ruling that the Government's retention of the materials at issue violates Petitioner Richman's Fourth Amendment right against unreasonable seizures. *See* Gov't's Mot., Dkt. No. 22, at 7 n.5. However, the primary focus of the Government's [22] Emergency Motion is the proper scope of the remedy to be awarded. Accordingly, the Court focuses here on issues that are directly relevant to the issue of remedy.

1

**ORDERED** that, no later than **9:00 a.m. ET on Wednesday, December 17, 2025**, the Government shall file a supplement to its [22] Emergency Motion that addresses these topics.

Second, the Government argues in its [22] Emergency Motion that the Court's Order "appears to require the Government to delete or destroy evidence originally, and lawfully, obtained pursuant to search warrants issued by the U.S. District Court for the District of Columbia in 2019 and 2020." Gov't's Mot., Dkt. No. 22, at 5. To be clear, the Court has not ordered the Government to delete or destroy any evidence; instead, it has ordered the Government to return certain materials to Petitioner Richman, while depositing others with a third-party custodian for safekeeping. However, to ensure that the remedy awarded in this case is appropriately tailored to the facts, the Court would benefit from more factual details regarding the Government's execution of the search warrants issued in this District in 2019 and 2020. *Id.* Accordingly, it is **ORDERED** that, no later than **10:00 a.m. ET on Wednesday, December 17, 2025**, the Government shall file with the Court a brief response to the following questions:

(1) Does the Government have in its possession a complete copy of any of the following:

    (i) the "forensic image" of Petitioner Richman's personal computer hard drive that the Government was authorized to search under the warrant issued in this District on August 27, 2019;

    (ii) the information disclosed by Columbia University to the Government pursuant to the warrant issued in this District on October 22, 2019;

    (iii) the information disclosed by Apple to the Government pursuant to the warrant issued in this District on January 30, 2020; or

  (iv) the "contents of a hard drive . . . containing backup files of one Apple iPad 4 and one Apple iPhone 5S" that the Government was authorized to search under the warrant issued in this District on June 4, 2020?

(2) Under each of the four search warrants at issue, the Government was authorized to seize only responsive material, which constituted a subset of the information it was permitted to search. Did the Government create a separate file, disk, hard drive, or any other segregated collection of responsive material for any of the following:

  (i) the material seized from Petitioner Richman's personal hard drive pursuant to the warrant issued in this District on August 27, 2019;

  (ii) the material seized from Petitioner Richman's Columbia University email accounts pursuant to the warrant issued in this District on October 22, 2019;

  (iii) the material seized from Petitioner Richman's iCloud account pursuant to the warrant issued in this District on January 30, 2020; or

  (iv) the material seized from the backup files of Richman's Apple iPad 4 and Apple iPhone 5S pursuant to the warrant issued in this District on June 4, 2020?

Third, the Court would benefit from a response from Petitioner Richman clarifying whether he seeks the return of (1) material that the Government seized pursuant to the four search warrants issued in this District in 2019 and 2020 that is responsive to those warrants, and/or (2) any classified material that the Government has identified during its review of the materials that it has seized from him. Accordingly, it is **ORDERED** that, no later than **2:00 p.m. ET on Wednesday, December 16, 2025**, Petitioner Richman shall file a brief response to the Government's [22] Emergency Motion that addresses these issues.

Fourth, and finally, the Government indicates in its [22] Emergency Motion that its ability to review "the substance of the information to be deposited" with a neutral custodian in the Eastern District of Virginia is impeded by the Court's [10] Order dated December 6, 2025, which temporarily limits the Governments' access to the relevant materials. Gov't's Mot., Dkt. No. 22, at 5 n.2. The Court previously offered the Government an opportunity to propose a procedure for accessing the relevant materials "for the limited purpose of responding to Petitioner Richman's claims in this case." Order, Dkt. No. 14, at 2. The Government did not avail itself of that opportunity, and it has not filed any subsequent request for leave to access the relevant materials. However, the Government may request leave to access these materials at any time, and the Court will resolve any such request as quickly as justice requires. *See* Order, Dkt. No. 10, at 2 (providing that the United States and its agents may access the relevant material only with "leave of this Court").

**SO ORDERED.**

Dated:  December 16, 2025

                                                                                                                                                                           COLLEEN KOLLAR-KOTELLY
                                                                                                                                                                           United States District Judge