UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL RICHMAN,**<br><br>*Petitioner-Movant,*<br><br>v.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>*Respondent.* | CIVIL NO. 1:25-MC-170-CKK |

### BRIEF IN RESPONSE TO COURT'S DECEMBER 16, 2025 ORDER

On December 16, 2025, the Court ordered the government to answer a series of questions relating to the execution of search warrants in 2019 and 2020. ECF No. 27 at 2–3. In that order, the Court also invited the Government to request permission for accessing the relevant materials to respond to the claims in this case. ECF No. 27 at 4.

The government hereby responds to the Court's questions. These responses are provided with the qualification that the search warrants were obtained five and six years ago. No investigator from the prior investigative team is a part of the current investigative team. And the primary case agent responsible for seeking and processing these warrants retired from the FBI approximately two years ago. ██████████████████████████████████████████████████████
████████████████

**A. Response to question 1.**

In response to question 1 and its subparts, the government currently has in its possession a single, original version of the materials listed by the Court.

B.  **Responses to question 2(ii).**

In response to question (2)(ii), the government has created a segregated collection of responsive material, as further explained below.

In October 2019, the United States District Court for the District of Columbia issued a search warrant that required Columbia University to disclose to the government records and other information, including data and the contents of communications, associated with two Columbia University email accounts used by Petitioner.

Because the search warrant involved an attorney, it was approved with an attorney-client filter protocol. The filter process was supervised by an AUSA detached from the investigation. It does not appear that the filter AUSA engaged in any filtering of the materials. Instead, after disclosure of the search warrant to Richman and his counsel, the United States asked that Columbia conduct a search of their emails using search terms for relevance. The relevant results were then screened by Columbia, Richman, and his attorneys for attorney-client privileged information, private information, medical information, academic focused information, and communication with federal judges. Counsel for Columbia and Richman then provided the filtered results with privileged logs to the government in four rolling productions. The original production of information and the four filtered productions were all sealed as exhibits. The primary case agent provided the investigative team with an excel spreadsheet detailing the relevant emails.

C.  **Further responses to question 2.**

In response to question (2)(i), (2)(ii), and (2)(iv), the government cannot conclusively state, one way or another, if a separate collection of responsive information was created.  ECF No. 27 at 3.  As further explained below, the government cannot currently point to a segregated collection of responsive material for these materials. Nevertheless, it is possible that a segregated version is

contained on the storage media in question that the present investigative team has not reviewed. Further, it is also possible that a segregated version existed at one time that is no longer accessible.

Search warrants directed at these materials were issued by the United States District Court for the District of Columbia. These warrants included language for following a filter process for attorney-client privileged information. As to the iCloud account and backup files for the iPad 4 and iPhone 5S, these materials were combined and provided to Richman and his counsel for filtering. The filtered version was then provided back to the government for review. Correspondence reviewed by the present investigative team indicates that the primary case agent then committed to reviewing the filtered version through an e-discovery program. Between 2020 and 2025, the Department of Justice stopped using this e-discovery program and a loss of data occurred. The government has attempted to restore this data but has not been successful.

The government has contacted the primary case agent. The primary case agent stated that he always followed and complied with the terms of a search warrant, and that his behavior in this case would have been no different. However, due to the passage of time ████████████ ████, the primary case agent could not specifically describe the process followed in 2019 and 2020.

Finally, as to the materials described in this section, the government respectfully requests that the Court allow a filter FBI agent and a filter AUSA to review only the previously filtered versions, which, according to FBI records, are contained on the relevant storage devices. The purpose of this limited review would be to determine whether any sort of segregated version of responsive material exists on the storage devices.

Notwithstanding the passage of time and changes in personnel, the Government emphasizes that the materials at issue have at all times been subject to the Department of Justice's

standard evidence-preservation, record-retention, and chain-of-custody protocols, and that the Government is not aware of any destruction, alteration, or loss of original evidence seized pursuant to the court-authorized warrants. To the extent the Government's present responses reflect limits on institutional memory or the availability of certain filtered or derivative working files, those limits do not undermine the integrity, completeness, or continued preservation of the original materials lawfully obtained and retained under those warrants.  The Government's responses are offered to assist the Court in tailoring any appropriate relief under Rule 41(g), while preserving the Government's lawful interests in maintaining original evidence obtained pursuant to valid warrants and subject to independent preservation obligations.

## **CONCLUSION**

The Government respectfully submits the above information and request to the Court consistent with the Court's December 16, 2025 order.

Respectfully submitted on December 17, 2025.

*/s/ Todd W. Blanche*
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C. 20530

*/s/ Lindsey Halligan*
United States Attorney
Eastern District of Virginia
Florida Bar No. 109481
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: 703-299-3700
Lindsey.Halligan@usdoj.gov

*/s/ Robert K. McBride*
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: 703-299-3700
Robert.McBride2@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have this 17th day of December, 2025, the government served a copy of the foregoing upon counsel for the petitioner-movant via the CM/ECF system.

>/s/ Todd W. Blanche
>Deputy Attorney General
>United States Department of Justice
>Robert F. Kennedy Building
>950 Pennsylvania Avenue, NW
>Washington D.C. 20530
>
>/s/ Lindsey Halligan
>United States Attorney
>Eastern District of Virginia
>Florida Bar No. 109481
>2100 Jamieson Avenue
>Alexandria, VA 22314
>Telephone: 703-299-3700
>Lindsey.Halligan@usdoj.gov
>
>/s/ Robert K. McBride
>Robert K. McBride
>First Assistant United States Attorney
>Eastern District of Virginia
>2100 Jamieson Avenue
>Alexandria, VA 22314
>Telephone: 703-299-3700
>Robert.McBride2@usdoj.gov