IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RICHMAN,<br><br>                               Petitioner,<br>         v.<br><br>UNITED STATES OF AMERICA,<br><br>                               Respondent. | 1:25-mc-00170-CKK |

**RESPONSE OF PETITIONER DANIEL RICHMAN
TO THE COURT'S DECEMBER 16, 2025 ORDER**

Petitioner Daniel Richman submits the following response to the Court's December 16, 2025 order directing Professor Richman to clarify "whether he seeks the return of (1) material that the Government seized pursuant to the four search warrants issued in this District in 2019 and 2020 that is responsive to those warrants and/or (2) any classified material that the Government has identified during its review of the materials that it has seized from him." ECF No. 27.[1] As explained below, Professor Richman is seeking the return of all material seized pursuant to the

---

[1] This response is focused on the two issues that the Court specifically identified in its order. It does not respond in detail to the government's December 15, 2025 and December 17, 2025 filings (ECF No. 22 and 29), which contain numerous incorrect assertions, including but not limited to: (i) the assertion that complying with the Court's December 12, 2025 order (ECF No. 20) would violate the government's preservation obligations in the *Comey* case, despite the government's ability to deposit Professor Richman's files with the United States District Court for the Eastern District of Virginia (it would not); (ii) the assertion that Professor Richman's personal and Columbia files are subject to the Federal Records Act of 1950 (they are not); (iii) assertions regarding Professor Richman's FBI employment (which was substantially more limited than portrayed); and (iv) assertions that the government's handling of Professor Richman's files was lawful (it was not). To the extent that the Court determines that a response by Professor Richman would be helpful, Professor Richman respectfully requests the opportunity to address the government's submissions via supplemental briefing, oral argument, and/or an evidentiary hearing.

1

warrants, regardless of responsiveness.  However, he is not seeking that any classified material be returned to him personally.

First, the Court directed Professor Richman to clarify whether he seeks the return of material that is responsive to the 2019 and 2020 warrants.  He does.

As reinforced by the government's filing earlier today, the government failed to identify and segregate responsive materials when it executed the warrants in 2019 and 2020.  *See* Memorandum of Law in Support of Petitioner Daniel Richman's Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g) Br.") at 13–16, ECF No. 1-1; Memorandum of Law in Support of Petitioner Daniel Richman's Motion for Temporary Restraining Order ("TRO Br.") at 18–20, ECF No. 9-1; *United States v. Comey ("Comey I")*, __ F. Supp. 3d. __, 2025 WL 3202693, at *5 (E.D. Va. Nov. 17, 2025) (finding "nothing in the record to suggest the government made any attempt to identify what documents, communications or other materials seized from Mr. Richman consituted evidence of violations of 18 U.S.C. § 641 and § 793").[2]  This rendered any seizure pursuant to the warrants unlawful.  *See* Rule 41(g) Br. at 15;

---

[2] In its submission earlier today, the government asserted that it "created a segregated collection of responsive material" with respect to the Columbia warrant, but that it could not "conclusively state, one way or another, if a separate collection of responsive information was created" with respect to the other three warrants.  Brief in Response to Court's December 16, 2025 Order at 2 ("Gov't Response"), ECF No. 29.  But, notwithstanding its conclusory assertion, it appears that the government does not have a "segregated collection of responsive material" even for the Columbia materials.  The government states that *Columbia University* ran search terms and that a privilege review was conducted, but nowhere does it represent that any government agent reviewed the filtered search term hits for responsiveness to the warrant.  *See id.* at 2.

As to the 2020 warrants—but notably, not the August 27, 2019 warrant—the government represents that a *privilege* review occurred, but it says nothing to suggest that it identified and segregated responsive materials, apart from stating that it was the primary case agent's practice to comply with the terms of search warrants.  *See id.* at 3.  And it is silent as to even a privilege review with respect to the August 27, 2019 warrant.  *See id.*  The Court has already observed that "the Government has the most insight into its own execution of the warrants" and taken "the Government's failure to augment the record as further support of Magistrate Judge Fitzpatrick's

TRO Br. at 20. Furthermore, there appears to be no set of responsive materials that the government *could* retain without conducting the responsiveness review it should have conducted five years ago. It did not do that then. It is too late for that now.[3]

The government callously disregarded Professor Richman's rights by: (a) violating the scope of the warrants; (b) retaining his property after the conclusion of Artic Haze;[4] and (c) conducting a warrantless search of his property in 2025. The government's conduct justifies the return of *all* of his unclassified property, whether technically responsive to the warrants or not. *See* Op. at 30 (concluding that the government's continued retention of Professor Richman's files is unreasonable due to the government's failure to safeguard them against warrantless searches).

Second, the Court directed Professor Richman to clarify whether he seeks the return of classified information. He does not seek the return of classified information to himself personally.

---

findings." Redacted Memorandum Opinion ("Op.") at 27, ECF No. 21. The government's continued inability to proffer that responsive materials were segregated—apparently aggravated by "a loss of data" with respect to the government's records (*see* Gov't Response at 3)—must be taken as a concession that they were, in fact, not.

[3] In other words, in 2019 and 2020, the government failed to segregate responsive materials from non-responsive materials. Such segregation was required by the warrants and the Fourth Amendment. *See* Rule 41(g) Br. at 13–16; TRO Br. at 18–20; *Comey I*, 2025 WL 3202693, at *5 n.5. Accordingly, because there appears to be no segregated drive containing *only* those materials that the government was lawfully permitted to seize in 2019 and 2020, notwithstanding that the government was judicially and constitutionally required to create one—and in light of the subsequent treatment of Professor Richman's materials—the only reasonable remedy is the return of *all* of his unclassified property.

[4] While the Court has concluded the government's retention of Professor Richman's files after Arctic Haze was reasonable, *see* Op. at 27, it remains Professor Richman's position that it was not reasonable, because: (a) much of the material was seized in violation of the warrants; (b) the government had no further need for the files; and (c) the government violated the 2017 consents. *See* Rule 41(g) Br. at 16–20; TRO Br. at 20–25. The fact that the government was in a position to conduct an unlawful warrantless search in 2025 of *all* of Professor Richman's materials, serves simply to emphasize why that four-year retention—standing alone—was constitutionally unreasonable.

By means of brief background: Of the millions of pages of documents and communications seized and retained by the government, one single document "appears to contain classified information," according to the government. United States' Memorandum of Law in Support of its Emergency Motion to Modify and Clarify the Court's December 12, 2025 Order and to Extend the Compliance Deadline at 5 n.2, ECF No. 22. The government describes this document as "a memorandum sent by Comey to Richman in May 2017." *Id.* The government appears to be referring to a memorandum that Mr. Comey authored and shared with Professor Richman. This memorandum was unclassified at the time it was shared by Mr. Comey, but later "up-classified" to the lowest level of classification: Confidential. *See* Rule 41(g) Br. at 2 n.1; James Comey's Response to Government's Motion for Expedited Ruling at 5–6 n.6, *United States v. Comey*, No. 25 Cr. 272 (E.D. Va. Oct. 20, 2025), ECF No. 55 (describing generally the contents of that memorandum that the government asserted amounts to "confidential" information and a subsequent court ruling rejecting initial classification decisions related to that memorandum).

Professor Richman does not seek the return of that purportedly classified memorandum to himself personally. Rather, he proposes that the Court direct the government to do one of the following: (1) permanently delete that memorandum from any electronic storage device covered by the Court's order and return the device(s) without that memorandum to Professor Richman; (2) permanently delete and destroy any electronic storage device on which that memorandum is or was saved and certify the same to the Court; or (3) via the DOJ Classified Information Security Officer, return any electronic storage device(s) containing that memorandum to undersigned counsel—who maintains an active Top Secret//Secret Compartmented Information clearance—to be stored in the defense secret compartmented information facility ("SCIF") inside the federal courthouse in Manhattan.

Dated: December 17, 2025
       New York, NY

Respectfully submitted,

By: /s/ Nicholas J. Lewin
    Nicholas J. Lewin

KKL LLP
Nicholas J. Lewin (admitted *pro hac vice*)
Jonathan F. Bolz (admitted *pro hac vice*)
Jessie-Lauren Pierce (admitted *pro hac vice*)
350 Fifth Avenue, 77th Floor
New York, NY 10118
Tel.: (212) 390-9550
Nick.Lewin@KKLllp.com
Jonathan.Bolz@KKLllp.com
Jessie.Pierce@KKLllp.com

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
Mark C. Hansen
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
mhansen@kellogghansen.com

*Attorneys for Petitioner Daniel Richman*