UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL RICHMAN,**<br><br>*Petitioner-Movant*,<br><br>v.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>*Respondent*. | CIVIL NO. 1:25-MC-170-CKK |

**SUPPLEMENT TO EMERGENCY MOTION AND STATUS REPORT**

The Court ordered the Government to "file a supplement" to its previous emergency motion to "recommend best practices on safekeeping evidence that will be deposited with the United States District Court for the Eastern District of Virginia, including protecting classified information, preserving an uninterrupted chain of custody, and ensuring the availability of a witness who can establish chain of custody in a future proceeding." ECF No. 27 at 1 (cleaned up). The Government was subsequently provided additional time to respond. *See* Dec. 16, 2025 Minute Order. The Government responds as follows.

1. **Protection of classified information:** The Government respectfully submits that a complete copy of the covered materials can be lodged with the Department of Justice's Litigation Security Group.[1]

---

[1] In an effort to be in a position to attempt to comply as far as possible with the Court's order and original compliance deadline, on December 15, 2025 (and after the Government filed its emergency motion before the time set forth by the Court for the Government to certify compliance), the Government lodged a complete copy of the covered materials (including classified information) that it had created following the Court's December 12, 2025 order, *see* ECF No. 20 at 1, with a Classified Information Security Officer in Washington, DC, who informed the Government that he would maintain that copy on behalf of a Classified Information Security Officer for the United States District Court for the Eastern District of Virginia. *See* Dec. 18, 2025 Minute Order.

The Government has since been informed by the Department of Justice's Litigation Security Group that there is no single Classified Information Security Officer for the United States District Court for the Eastern District of Virginia.

2. **Chain of custody and authentication at a trial:**

    a. If a subsequent search warrant is directed at the copy of the covered materials maintained by the Litigation Security Group, it appears to the Government that that Litigation Security Group personnel may be necessary witnesses should the Government seek to authenticate some or all of those materials and seek their admission as evidence at a trial. *See* Fed. R. Evid. 901(b)(1).

    b. Other individuals who work with the Litigation Security Group may also be necessary witnesses, depending on the Litigation Security Group's ability to maintain uninterrupted custody of the above-described copy of the covered materials.

    c. Such authentication would appear to be necessary even if the Government seeks to demonstrate at a trial that the materials are certified domestic records of a regularly conducted activity. *See* Fed. R. Evid. 902(11).

    d. The Government recommends that any copy of the covered materials be kept in a sealed evidence bag (or bags) by the Litigation Security Group, and that the Litigation Security Group maintain a log sufficient to demonstrate if and when the sealed evidence bag (or bags) is (or are) opened and resealed.

    e. The Government further recommends that the lodged copy of the covered materials be preserved in its original form and not altered, accessed or duplicated in any way except as necessary for safekeeping, with any such access documented in a custody log maintained by the Litigation Security Group.

3. These recommended practices are directed solely to the complete copy of the covered materials lodged pursuant to the Court's December 12, 2025 order and do not alter the

status, handling, or preservation of the original media or other currently maintained by the Government. Nothing in these recommended practices is intended to alter or constitute a waiver of the Government's legal positions regarding the propriety or scope of Rule 41(g) relief or the propriety of its retaining original evidence obtained pursuant to valid warrants.

4. The Government will continue not to access the covered materials or to share, disseminate, or disclose the covered materials to any person without first seeking and obtained leave of Court. *See* ECF No. 10 at 4; ECF No. 20 at 1.

Respectfully submitted on December 18, 2025.

*/s/ Todd W. Blanche*
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C.  20530

*/s/ Lindsey Halligan*
United States Attorney
Eastern District of
Virginia Florida Bar
No. 109481 2100
Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

*/s/ Robert K. McBride*
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia

3

2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.McBride2@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have this 18th day of December 2025, the government served a copy of the foregoing upon counsel for the petitioner-movant via the CM/ECF system.

*/s/ Todd W. Blanche*
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C.  20530

*/s/ Lindsey Halligan*
United States Attorney
Eastern District of
Virgina Florida Bar
No. 109481 2100
Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

*/s/ Robert K. McBride*
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.K.McBride2@usdoj.gov