UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL RICHMAN,** *Petitioner-Movant,* v. **THE UNITED STATES OF AMERICA,** *Respondent.* | CIVIL NO. 1:25-MC-170-CKK |

### SECOND EMERGENCY MOTION FOR CLARIFICATION AND EXTENSION OF TIME TO CERTIFY COMPLIANCE AND NOTICE REGARDING COMPLIANCE WITH COURT ORDER

Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, the United States moves for an order clarifying the Court's December 12, 2025 order as modified and to extend the deadline for complying with it. *See* ECF No. 20.

In support of this second emergency motion to clarify and to extend the compliance deadline, the Government relies upon the attached memorandum of law.

A proposed order is attached hereto.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL RICHMAN,

*Petitioner-Movant*,

v.

THE UNITED STATES OF AMERICA,

*Respondent*.

CIVIL NO. 1:25-MC-170-CKK

**MEMORANDUM REGARDING SECOND EMERGENCY MOTION FOR EXTENSION OF TIME TO CERTIFY COMPLIANCE AND NOTICE REGARDING COMPLIANCE WITH COURT ORDER**

1. **Deposit of covered materials with the United States District Court for the Eastern District of Virginia:**

    a. The Court on December 12, 2025 ordered that the Government was permitted to "prepare one complete copy of the covered materials and deposit that copy, under seal, in the U.S. District Court for the Eastern District of Virginia." ECF No. 20 at 1.

    b. On December 15, 2025, the Government filed a motion for emergency relief in which it stated, among other things, that it was "prepared to deposit a copy of the relevant materials (which appear[ed] to include classified information) with the Classified Information Security Officer for the United States District Court for the Eastern District of Virginia." ECF No. 22 at 2–3.

    c. Shortly after filing that motion, in an effort to comply as far as possible with the Court's December 12, 2025 order and the original compliance deadline, *see* ECF No. 20 at 2, the Government delivered an electronic medium containing a complete copy of the covered materials to a Classified Information Security Officer located in Washington, DC, who informed the Government that he would maintain that copy on behalf of a

1

      Classified Information Security Officer for the United States District Court for the Eastern District of Virginia.

   d. The Government has since been informed by the Department of Justice's Litigation Security Group that there is no single Classified Information Security Officer for the United States District Court for the Eastern District of Virginia.

   e. It is the Government's understanding that the Department of Justice's Litigation Security Group is generally responsible for the maintenance of classified materials on behalf of the federal courts and that the Litigation Security Group supports the federal courts regarding that subject in civil and criminal litigation.

   f. Consequently, it is not clear to the Government that the above-described electronic medium could properly have been provided to the Clerk for the United States District Court for the Eastern District of Virginia (or other court staff or personnel), particularly given the extreme time pressure created by the December 15, 2025 compliance deadline set forth in the Court's December 12, 2025 order.

2. **Lack of clarity regarding return of materials to Richman:**

   a. The Court on December 12, 2025 ordered that Petitioner's motion for return of property was granted "as to the image of his personal computer that the United States made in 2017; any files obtained from his Columbia University email account(s) or his Apple iCloud account(s) in 2019 or 2020 that are in the possession of the United States; any copies of the image or files obtained from his email or iCloud accounts that are in the possession of the United States; and any materials directly obtained or extracted from those files that are in the possession of the United States." ECF No. 20 at 1.

b. The Court subsequently clarified its December 12, 2025 order on December 15, 2025, stating that:

   i. The Court "did not order, and is not ordering, the return of classified information" to Richman. ECF No. 26 at 2.

   ii. The Court "directed the return of Petitioner Richman's own materials (and any copies of those materials), *not* any derivative files that the Government may have created." *See id.* (emphasis in original).

c. The Court stated additionally that the Government would be required to certify compliance with the December 12, 2025 order, "with specificity, . . . as clarified and modified [on December 15, 2025] and any subsequent Order of th[e] Court." *Id.* at 3.

d. The Court further clarified its order on December 16, 2025, stating that the Court "has not ordered the Government to delete or destroy any evidence." ECF No. 27 at 2. But the Court has also instructed the Government that it may not "retain[] any additional copies of the covered materials." ECF No. 20 at 2. The government has copies of the information in its systems and on electronic media. It is not clear how the government can avoid "retaining" the materials without deleting them.

e. The Court has not yet otherwise explained whether the Government must provide to Richman the original evidence "obtained in the Arctic Haze investigation (*i.e.*, hard and/or flash drives and discs currently in the custody of the FBI," ECF No. 22 at 9, some subset thereof (*e.g.*, not including classified information), whether the Government must provide Richman the covered materials in some other fashion, and what else the Government must do (or not do) to comply with the December 12, 2025 order.

f. Notwithstanding the passage of time, changes in personnel, and the limits of institutional memory, the Government emphasizes that the materials at issue have at all times remained subject to the Department of Justice's standard evidence-preservation, record-retention, and chain of custody protocols. The Government is not aware of any destruction, alteration or loss of original evidence seized pursuant to valid court-authorized warrants. Any uncertainty reflected in the Government's present responses regarding the existence or accessibility of certain filtered or derivative working files does not undermine the integrity, completeness, or continued preservation of the original materials lawfully obtained and retained. The Government's responses are offered to assist the Court in tailoring any appropriate relief under Rule 41(g) in a manner consistent with its equitable purpose, while preserving the Government's lawful interests and constitutional responsibilities with respect to evidence obtained pursuant to valid warrants and subject to independent preservation obligations.

g. Rather than require the government to "return" or otherwise divest its systems of the information, the government respectfully suggests that the more appropriate remedy would simply be to direct the government to continue not to access the information in its possession without obtaining a new search warrant. It is not clear what Fourth Amendment interest would be served by ordering the "return" of copies of information (other than classified information) that is already in the movant's possession, and that the government continues to possess, at least in the custody of a court (or the Department of Justice's Litigation Security group, as may be appropriate given the presence of classified information). And the Court's order properly recognizes that it is appropriate for the government to retain the ability to access the materials for future

4

investigative purposes if a search warrant is obtained. ECF No. 20 at 1. Forcing transfer of evidentiary custody from the Executive Branch to the Judiciary would depart from the traditional operation of Rule 41(g), which is remedial rather than supervisory, and would raise substantial separation-of-powers concerns. The government respectfully suggests that the best way to do that is to allow the executive branch of government to maintain the information in its possession, rather than forcing transfer of evidence to (and participation in the chain of custody by) a court. *See, e.g.*, *United States v. Bein*, 214 F.3d 408, 415 (3d Cir. 2000) (applying then-Rule 41(e) and noting that it provided for "one specific remedy—the return of property"); *see also Peloro v. United States*, 488 F.3d 163, 177 (7th Cir. 2007) (same regarding now-Rule 41(g)).

3. **Access or distribution of covered materials:**

    a. As noted previously, the Government provided a Classified Information Security Officer a complete copy of the covered materials (including classified information) in a good-faith effort to comply with the Court's December 15, 2025 compliance deadline.

    b. The Government shall continue not to access or share the covered materials without leave of the Court. *See* ECF No. 10 at 4; ECF No. 20 at 2.

4. **Extension of deadline for certification:**

    a. Because it is yet not clear to the Government precisely what property must be provided to Richman by December 22, 2025 at 4:00 PM (and what other actions the Government must or must not take to certify compliance with the December 12, 2025 order as modified), the Government respectfully requests that it be provided an additional fourteen days (because of potential technological limitations in copying voluminous digital data and potential personnel constraints resulting from the upcoming Christmas

holiday) from the date of the Court's final order clarifying the December 6, 2025 order to certify compliance.[1]

b. Counsel for Petitioner opposes the request for an extension of time.

Respectfully submitted on December 19, 2025.

/s/ Todd W. Blanche
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C.  20530

/s/ Lindsey Halligan
United States Attorney
Eastern District of
Virginia
Florida Bar No.
109481
2100 Jamieson
Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

/s/ Robert K. McBride
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.McBride2@usdoj.gov

---

[1] An extension of the compliance deadline is merited by the extraordinary time pressure to which the Government has been subjected and the necessity of determining, with clarity, what the Government must do to comply with the December 12, 2025 order as clarified and modified. *See* Fed. R. Civ. P. 60(b)(6); *see also* ECF No. 22 at 6–7 (summarizing applicable legal principles).

## CERTIFICATE OF SERVICE

This is to certify that I have this 19th day of December, 2025, the government served a copy of the foregoing upon counsel for the petitioner-movant via the CM/ECF system.

/s/ Todd W. Blanche
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C.  20530

/s/ Lindsey Halligan
United States Attorney
Eastern District of
Virginia
Florida Bar No.
109481
2100 Jamieson
Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

/s/ Robert K. McBride
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.K.McBride2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RICHMAN,<br><br>*Petitioner-Movant,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant.* | CIVIL NO. 1:25-MC-170-CKK |

### ORDER EXTENDING DEADLINE FOR CERTIFICATION OF COMPLIANCE

Upon consideration of the Government's memorandum in support of its motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to clarify the orders entered by the Court on December 12, 2025, *see* ECF No. 20, December 15, 2025, *see* ECF No. 26, and December 16, 2025, *see* ECF. No. 27, and to extend the deadline to certify compliance therewith, the Court's orders are clarified as follows:

1. The Government shall be provided an additional two weeks from the date of the Court's final order regarding the return of Richman's property to certify compliance.

2. The Government shall not access the covered materials or share, disseminate, or disclose the covered materials to any person without first seeking and obtaining a Court order.

_____
THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

_____
DATED:

1