UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RICHMAN,<br><br>    Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Misc. Action No. 25-0170 (CKK) |

**MEMORANDUM OPINION**
(December 23, 2025)

  After concluding that the Government violated Petitioner Daniel Richman's Fourth Amendment right against unreasonable searches and seizures, this Court ordered the Government to return various unlawfully seized materials to Petitioner Richman. The Government has now filed two [22], [33] Emergency Motions requesting clarification and modification of the Court's Order.

  The Government suggests in these Motions that the Court's Order may require it to "delete or destroy evidence" that it lawfully obtained. But the Court's Order does no such thing. The Court has ordered the Government to return certain materials to Petitioner Richman. The Court has also allowed the Government to deposit a copy of those materials with the U.S. District Court in the Eastern District of Virginia, which the Government may access by obtaining an appropriate search warrant in the future. The Court has not required the Government to delete or destroy anything.

  Moreover, the record establishes that the Government is not entitled to retain any of the materials it originally seized from Petitioner Richman or copies thereof. The record strongly suggests that, when executing the four warrants to search Petitioner Richman's materials in 2019

1

and 2020, the Government failed to separate and segregate material that was responsive to those warrants from material that was not responsive. The Government candidly admits that it "cannot currently point to a segregated collection" of material that it identified as responsive when executing the 2019 and 2020 warrants. Gov't's Resp., Dkt. No. 29 at 2. The Government has therefore failed to establish any reason why the Court should order that a copy of Petitioner Richman's covered materials be lodged with the Department of Justice's Litigation Security Group rather than with the U.S. District Court for the Eastern District of Virginia.

Because the Government has not kept a segregated set of responsive materials, its warrantless search of Petitioner Richman's materials in 2025 was conducted on an un-scoped image of his devices. This warrantless search was plainly unreasonable under the Fourth Amendment. Furthermore, because the Government has not retained a segregated set of materials that are responsive to the 2019 and 2020 warrants, it cannot now rely on those warrants for authority to retain any of the materials it seized when executing the warrants or copies thereof.

The Government has also failed to show that the Court's Order unduly burdens the Government's obligations to safeguard classified or privileged information, and it has failed to show that the Court's Order conflicts with its independent record-keeping obligations.

Accordingly, the Court will require the Government to return to Petitioner Richman all materials and copies thereof that are within the scope of the Court's original Order, except for a classified document that the Government identified in 2017.

# I.

This action for return of property under Federal Rule of Criminal Procedure 41(g) arises from the Government's investigation of suspected disclosures of classified information by James Comey, former Director of the FBI. Petitioner Daniel Richman is an attorney and law professor who is described as a friend and confidant of Mr. Comey.

While investigating these suspected disclosures in 2017, the Government obtained limited consent from Petitioner Richman to copy the contents of his personal computer and an attached hard drive. This copy (an "image" of the computer) included not only files saved directly on Petitioner Richman's computer, but also backup files holding the contents of his cell phone and tablet. Petitioner Richman's 2017 consent authorized the Government to seize his personal computer, make an image of its hard drive, and search the image of the hard drive strictly for the limited purpose of identifying and deleting four memoranda authored by Mr. Comey. Any further searches of the material on this image would have to be authorized via a warrant or further consent from Petitioner Richman. According to Petitioner Richman, after the Government took temporary possession of his personal computer to make the image of its hard drive in 2017, it subsequently returned the computer to Petitioner Richman with an internal hard drive that did not include the four memoranda in question. Pet'r's Resp., Dkt. No. 36-1 at 8. Petitioner Richman has informed the Court that, although none of these four memoranda were classified at the time Petitioner Richman received them, one of the four was subsequently "up-classified" to Confidential. *Id*. at 8 fn. 9.

Later, while conducting a separate investigation in 2019 and 2020, the Government obtained four search warrants relating to Petitioner Richman. Two of these warrants authorized the Government to search the image of Petitioner Richman's computer that was obtained with his consent in 2017. The other two warrants authorized the Government to search Petitioner Richman's Columbia University email accounts and his Apple iCloud account, respectively.

All four warrants were limited in scope. The warrants allowed the Government to *search* through large universes of files—the entire image of Petitioner Richman's computer and the entire contents of his Columbia University email and Apple iCloud accounts for files within a certain

3

date-range—but they only allowed the Government to *seize* information within certain discrete categories. Furthermore, the Fourth Amendment prohibited the Government from conducting warrantless searches of the large universe of files it obtained through the 2019 and 2020 warrants after the original warrants had been executed.

The Government opened another separate investigation into Mr. Comey during the summer of 2025, which led to his indictment in the Eastern District of Virginia on September 25, 2025. The Government's indictment of Mr. Comey was ultimately dismissed, but before that dismissal, facts emerged that suggested the Government had used some of Petitioner Richman's material that it had obtained through the 2019 and 2020 warrants in its 2025 presentation to the grand jury. Magistrate Judge William E. Fitzpatrick investigated those facts. After receiving written submissions from the parties, holding hearings, and hearing argument, Magistrate Judge Fitzpatrick concluded that those facts established a "reasonable basis" to show that the Government violated Petitioner Richman's Fourth Amendment rights when it executed the 2019 and 2020 warrants and searched the material from those warrants again in 2025. *United States v. Comey*, No. 1:25-CR-272-MSN-WEF, 2025 WL 3202693, at *10 (E.D. Va. Nov. 17, 2025).

Following Magistrate Judge Fitzpatrick's findings, Petitioner Richman filed a motion with this Court for the return of his materials under Federal Rule of Criminal Procedure 41(g). The Court found that the Government violated Petitioner Richman's Fourth Amendment rights by conducting a warrantless search of his material in 2025 and retaining complete copies of his devices and other sensitive files without effective safeguards against such searches. *See* Mem. Op., Dkt. No. 21. Accordingly, the Court concluded that Petitioner Richman was entitled to the return of his property and ordered the Government to return to Petitioner Richman the materials and any copies it seized from him. Order, Dkt. No. 20. However, to ensure the proper safekeeping

4

of potential evidence in a future criminal investigation or prosecution, the Court also allowed the Government to deposit a copy of Petitioner Richman's materials with the U.S. District Court for the Eastern District of Virginia, which the Government may later access pursuant to a valid search warrant. *Id*.

Shortly before the deadline the Court established for the filing of a certification of compliance with this Order, the Government filed an Emergency Motion to Clarify and Modify the Court's Order. *See* Gov't's Mot., Dkt. No. 22. In broad strokes, the Government's Motion requested an extension and asked the Court to "clarify the Government's obligations" under the Court's Order. The Government sought this relief under Federal Rule of Civil Procedure 60(b)(6), which provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Court promptly granted the Government's request for an extension and clarified some of the Government's obligations. Order, Dkt. No. 26, at 2. It then ordered additional, expedited submissions from the parties to help resolve the other remedial issues presented in the Government's [22] Emergency Motion. *See* Order, Dkt. No. 27. In response, the Government provided additional factual information about its execution of the four search warrants issued in 2019 and 2020. The Government's response establishes that it "cannot currently point to a segregated collection" of material that was identified as responsive to the 2019 and 2020 warrants. Gov't's Resp., Dkt. No. 29 at 2.

On December 18, 2025, the Government filed a motion informing the Court that, on December 15, it "lodged a complete copy of [Petitioner Richman's] covered materials (including classified information) that it had created" following the Court's December 12, 2025, Order with a Classified Information Security Officer ("CISO") in Washington, DC. Gov't's Mot., Dkt. No.

5

31 at 1, fn. 1 (internal citations omitted). In this motion, the Government moved the Court to order "that a complete copy of the covered materials can be lodged with the Department of Justice's Litigation Security Group" ("LSG") rather than with the District Court in the Eastern District of Virginia. *Id*. at 1. That same evening, the Government filed a motion requesting leave to "begin creating a copy of the covered materials for Petitioner Richman, not including any search warrant returns that contain classified information." Gov't's Mot., Dkt. No. 32 at 1. The next day, the Government filed a second Emergency Motion to clarify the Court's Order and extend its deadline to certify compliance with the Order. *See* Gov't's Second Emergency Mot., Dkt. No. 33. The Government's second Emergency Motion did not raise any substantively new arguments from its first Emergency Motion.

The Court promptly ordered Petitioner Richman to file a response to the Government's motions. Petitioner Richman filed his response under seal on December 22, 2025. *See* Pet'r's Resp., Dkt. No. 36. In his response, Petitioner Richman opposed the Government's motion to allow the DOJ's LSG to maintain a copy of Petitioner Richman's materials in lieu of the District Court for the Eastern District of Virginia. *See id.* at 5–6 (". . . the fox must not be permitted to guard the henhouse."). Petitioner Richman also opposed the Government's motion for leave to make a copy of Petitioner Richman's materials to provide to Petitioner Richman, arguing that the Court had not ordered the Government to give Petitioner Richman a copy of his materials, but, rather, to return the originals and all copies of the covered materials to Petitioner Richman and certify that it had not made or retained any additional copies. *Id*. at 2, fn. 1 (citing Dkt. No. 20 at 1–2).

## II.

The Government seeks relief from judgment under Rule 60(b)(6), which sets a "high bar" for relief. *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 852 (D.C. Cir. 2016). To obtain

relief under this provision, the Government must "demonstrate 'extraordinary circumstances justifying the reopening of a final judgment.'" *Id.* (quoting *Salazar ex rel Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011); *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). The D.C. Circuit has "observed that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)). In this Circuit, "failure to raise a ripe issue precludes a finding of extraordinary circumstances unless that failure was essentially 'involuntary.'" *Philip Morris*, 840 F.3d at 852 (quoting *Salazar*, 633 F.3d at 1121).

### III.

The Government's Motions present three general categories of arguments about the appropriate scope of the remedy for its violation of Petitioner Richman's Fourth Amendment rights: (A) arguments related to the handling of classified or privileged material; (B) arguments related to material that the Government argues is lawfully seized evidence; and (C) arguments related to the Government's independent obligations to retain certain records. The Court takes each argument in turn.[1]

### A.

The Government raises concerns about how the Court's Order may affect the handling of classified information and information subject to Government privileges. Most of these concerns are unfounded, and the remainder are easily resolved.

---

[1] Although the Government's Motion includes a footnote in which it requests reconsideration of the Court's merits ruling that the Government violated Petitioner Richman's Fourth Amendment right against unreasonable seizures, the focus of its Motion is the scope of the remedy to be awarded for that violation. Because the Government has not advanced any substantive argument showing that reconsideration of the Court's merits ruling is warranted, the Court directs its consideration here to the proper scope of the remedy to be awarded, without revisiting the merits of Petitioner Richman's substantive Fourth Amendment claim.

7

*First*, contrary to the Government's suggestion, the Court is not ordering the Government to return any classified material to Petitioner Richman. As the Court has already noted, Petitioner Richman has consented to the deletion of any classified material that the Government may have identified in his files. *See* Order, Dkt. No. 26, at 2. Petitioner Richman has reaffirmed that "he is not seeking that any classified material be returned to him personally." Pet'r's Resp., Dkt. No. 30, at 2.

Within the vast amount of seized material at issue, only one document has been identified as purportedly classified on the present record: a memorandum that Petitioner Richman received from Mr. Comey in 2017 that was "up-classified" to Confidential after Petitioner Richman received it. *See* Gov't's Mot, Dkt. No. 22, at 5 fn.2 (". . . the Government has determined that the copy to be deposited with the Court appears to contain classified information, *i.e.*, a memorandum sent by Comey to Richman in May 2017."). This document was originally contained on Petitioner Richman's personal computer hard drive, which the Government imaged and searched with his consent in 2017 and searched pursuant to Hard Drive Warrant #1 in 2019, Hard Drive Warrant #2 in 2020, and the warrantless search it conducted in 2025. According to Petitioner Richman, the computer hard drive that the Government returned to him after it imaged his personal computer hard drive pursuant to his consent in 2017 did not include the purportedly classified document in question. Pet'r's Resp., Dkt. No. 36-1 at 8. The record therefore shows that the Government has already identified and taken possession of the only document that has been identified on the record as purportedly classified. Moreover, the Government conducted at least three additional searches on the material originating from Petitioner Richman's personal computer hard drive—the searches relating to Hard Drive Warrant #1 in 2019, Hard Drive Warrant #2 in 2020, and the warrantless search in 2025—and did not identify any additional classified information when doing so.

8

Furthermore, the Government has failed to articulate any reasonable concern regarding the existence of purportedly classified material within the material originating from Petitioner Richman's Columbia University account and his Apple account, especially considering the fact that Petitioner Richman never lost access to his material from these accounts in the first place. Accordingly, the Court shall amend its Order to make explicit that the Government may delete the purportedly classified document from Petitioner Richman's materials before returning those materials to him. But the Government may not conduct any additional review of Petitioner Richman's materials for classified material without first obtaining a valid search warrant.

*In addition*, the Government suggests that the Court's Order may require it to disclose privileged information, but the Court's Order imposes no such requirement. As the Court has already explained, its Order "directed the return of Petitioner Richman's own materials (and any copies of those materials), not any derivative files that the Government may have created." Order, Dkt. No. 26, at 2. For example, if the Government has printed out copies of text messages extracted from Petitioner Richman's devices, it must return those copies, but it need not return or otherwise disclose any memoranda that its agents or attorneys drafted based on their review of the underlying messages. The proper use of any such memoranda or other derivative materials is not at issue in this action for return of property. Accordingly, the Court's Order does not require the Government to disclose any information that is covered by its own privileges.

**B.**

The Government also suggests that the Court's Order "appears to require the Government to delete or destroy evidence originally, and lawfully, obtained pursuant to search warrants issued by the U.S. District Court for the District of Columbia in 2019 and 2020." Gov't's Mot., Dkt. No. 22, at 5. But the Court has made clear that it "has not ordered the Government to delete or destroy any evidence." Order, Dkt. No. 27 at 2. Instead, the Court has ordered the Government "to return

9

certain materials to Petitioner Richman, while depositing others with a third-party custodian for safekeeping." *Id*.  The Government retains the ability to access the deposited materials through a valid search warrant.

Moreover, the issue of whether the Government lawfully obtained Petitioner Richman's material pursuant to the four search warrants executed in 2019 and 2020 was ripe for argument while the Court considered Petitioner Richman's Motion for Return of Property.  The Government failed to argue that its 2019 and 2020 seizures justified its continued retention of Petitioner Richman's materials while the Court was considering the Petitioner's Motion.  The Government's "failure to raise a ripe issue precludes a finding of extraordinary circumstances" necessary for relief under Rule 60(b)(6) "unless that failure was essentially 'involuntary.'" *Philip Morris*, 840 F.3d at 852 (quoting *Salazar*, 633 F.3d at 1121).  The Government does not claim that its failure to present its argument about the 2019 and 2020 seizures was involuntary nor does the record support such a finding.  Accordingly, the Court is left to assume that the Government's failure to argue was more akin to a strategic choice, and the D.C. Circuit has made clear that Rule 60(b)(6) "may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" *Kramer*, 481 F.3d at 792 (quoting *Good Luck Nursing Home, Inc.*, 636 F.2d at 577).

Despite the Rule 60(b)(6) roadblock to the Government's argument that its seizures in 2019 and 2020 justify its continued retention of Petitioner Richman's materials, the Court ordered the Government to provide "more factual details" regarding the execution of the 2019 and 2020 warrants to "ensure that the remedy awarded in this case is appropriately tailored to the facts." Order, Dkt. No. 27 at 2.  The resulting details provided by the Government confirm that the

Government had no right to retain and use any of the material seized from Petitioner Richman in 2019 and 2020 without first obtaining a new, valid warrant.

A valid warrant may authorize "the seizure or copying of electronically stored information," which, unless otherwise specified, "authorizes a later review of the media or other information *consistent with the warrant*." Fed. R. Crim. P. 41(e)(2)(B) (emphasis added). In other words, warrants to search and seize electronically stored information ("ESI") involve "a two-step process:" *first*, officers acting pursuant to a valid warrant for ESI may initially "seize or copy the entire storage medium" containing the ESI; *then*, within a reasonable period of time and pursuant to the same warrant, officers may review the storage medium or its copy "later to determine what [ESI] falls within the scope of the warrant." Fed. R. Crim. P. 41 advisory committee's notes to 2009 amendment. As the Court has explained, law enforcement may retain the material obtained at the first step of this process beyond the execution of the original warrant only on the condition that any subsequent access to this material is authorized by a new, valid warrant. *See* Mem. Op., Dkt. No. 21 at 22–31.

The Court has already concluded—without substantive argument to the contrary from the Government—that, in 2025, the Government searched material originally seized from Petitioner Richman in 2019 and 2020 without a new, valid warrant. *See id.* at 10. The Government's recent factual proffer confirms what it had previously conceded: that the Government seized Petitioner Richman's materials in 2025 by executing a warrantless search on material the Government obtained at step one of its execution of the 2019 and 2020 warrants (i.e., the complete copies of Petitioner Richman's personal computer hard drive, Columbia University email accounts, Apple iCloud account, and iPad and iPhone backups, regardless of whether the material was responsive to the original warrants). The Government informed the Court that it "cannot currently point to a

11

segregated collection of responsive material" for the material it obtained pursuant to the warrant executed on Petitioner Richman's personal computer hard drive, the warrant executed on Petitioner Richman's Apple iCloud account, and the warrant executed on the backups of Petitioner Richman's iPad and iPhone.  Gov't's Resp., Dkt. No. 29 at 2.  Nor can the Government point to a segregated collection of responsive material for the material it obtained pursuant to the warrant executed on Petitioner Richman's Columbia email accounts.  *See id.*[2]

In sum, the Court is not ordering the Government to "delete or destroy" anything.  The Court is ordering the Government to *return* the materials initially seized from Petitioner Richman and any copies thereof to Petitioner Richman and to deposit a single copy of those materials with a neutral third party: the District Court for the Eastern District of Virginia.  Although the Government originally obtained these materials pursuant to Petitioner Richman's 2017 consent and the lawful 2019 and 2020 warrants, it was prohibited from conducting warrantless searches on these materials—which included material that was not responsive to the 2019 and 2020 warrants—after the 2019 and 2020 warrants had been executed.  The Court's Order does not require the Government to return any material that it had deemed responsive and segregated from the materials it originally seized in 2019 and 2020 because the Government has not identified any such material.[3]  Nor does the Court's Order prohibit the Government from accessing these materials in the future, so long as that access is obtained through a valid search warrant.  Accordingly, the Court's order

---

[2] The Government's response indicates that the emails were reviewed for privilege, but not for responsiveness to the relevant warrant.  *See* Gov't's Resp., Dkt. No. 29, at 2; *see also United States v. Comey*, No. 1:25-CR-272-MSN-WEF, 2025 WL 3202693, at *5 (E.D. Va. Nov. 17, 2025) ("The government appears to have conflated its obligation to protect privileged information—an obligation it approached casually at best in this case—with its duty to seize only those materials authorized by the Court.").

[3] The Government's Motion "requests that the Court allow a filter FBI agent and a filter AUSA to review" the storage devices containing the material obtained through the 2019 and 2020 warrants for the purpose of determining "whether any sort of segregated version of responsive material exists on the storage devices."  Gov't's Resp., Dkt. No. 29 at 3. This request is denied.  Allowing the Government to search a non-segregated storage device without a warrant to determine whether a segregated collection of material can be found there would defeat the purpose of requiring the Government to segregate material in the first place.

to the Government to return to Petitioner Richman the covered materials and any copies thereof and, if the Government so chooses, to deposit a copy with a neutral third-party remains unchanged.

### C.

Finally, the Government raises concerns about how the Court's Order will affect the handling of information that it may be required to retain because of a federal records statute or its preservation obligations in connection with the investigation and prosecution of Mr. Comey. *See* Gov't's Mot., Dkt. No. 22, at 5 (citing the Federal Records Act, 44 U.S.C. §§ 3301 *et seq.*).

As Petitioner Richman notes, it is far from clear that any of the records at issue fall within the scope of the relevant records statute. *See* Pet'r's Resp., Dkt. No. 30, at 1 n.1. It is similarly unclear that the Government's preservation obligations in Mr. Comey's case could require the Government to retain unlawfully seized material that it has no lawful basis to keep or use. Because the Government has conceded that it does not currently have a segregated set of any material that was responsive to the 2019 and 2020 warrants, those warrants cannot provide a lawful basis for it to keep or use any of Petitioner Richman's materials.

In any event, the Government has not established that any of its relevant obligations would be meaningfully impeded by complying with the Court's Order, which includes a provision allowing the Government to deposit a copy of the relevant materials with the U.S. District Court for the Eastern District of Virginia for safekeeping.[4] The Government may access these materials pursuant to an appropriate search warrant.

Accordingly, the Court shall not alter its Order based on the Government's stated concerns about its record-retention obligations.

---

[4] The Court, per Petitioner Richman's sensible suggestion, notes that the Government can ensure the security of Petitioner Richman's covered materials and their chain of custody by placing the materials in a sealed evidence bag and delivering the bag to the courthouse for storage in a sensitive compartmented information facility ("SCIF") or other locked, access-controlled space as determined by the District Court in its discretion.

## IV. CONCLUSION

For the foregoing reasons, the Court shall **GRANT IN PART** the Government's [22], [33] Emergency Motions to Clarify and Modify the Court's Order and **AMEND** its [20] Order dated December 12, 2025, to make explicit that the Government may delete the purportedly classified document identified in 2017 from any material that it returns to Petitioner Richman. Because the Government has not shown that it has a lawful right to retain and use any of the materials at issue, the Court shall not otherwise alter its Order to relieve the Government from its obligation to return those materials to Petitioner Richman. The Court shall also **DENY** the Government's [31] Motion for Order. The Government may deposit a complete copy of Petitioner Richman's materials with the U.S. District Court for the Eastern District of Virginia, but not with the Department of Justice's Litigation Security Group. Furthermore, the Court shall **DENY** the Government's [32] Motion for Leave to Copy Covered Materials, as the Court has ordered the Government to return to Petitioner Richman all the materials it originally seized from him and any copies thereof, except for a single copy that may be provided to the District Court for the Eastern District of Virginia.

An appropriate Order accompanies this Memorandum Opinion.

Dated: December 23, 2025

*Colleen Kollar-Kotelly*
COLLEEN KOLLAR-KOTELLY
United States District Judge