UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL RICHMAN,** *Petitioner-Movant,* v. **THE UNITED STATES OF AMERICA,** *Respondent.* | **CIVIL NO. 1:25-MC-170-CKK** |

### EMERGENCY MOTION FOR EXTENSION OF TIME TO CERTIFY COMPLIANCE

The United States moves, pursuant to Federal Rules of Civil Procedure 6(b) and 59(e), for an order partially extending the time for the Government to certify compliance with the Court's December 12, 2025 order as modified.  *See* ECF Nos. 20, 38.

In support of this emergency motion to partially extend the compliance deadline, the Government relies upon the attached memorandum of law.

A proposed order is attached hereto.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL RICHMAN,<br><br>*Petitioner-Movant*,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Respondent*. | CIVIL NO. 1:25-MC-170-CKK |

**MEMORANDUM REGARDING EMERGENCY MOTION FOR PARTIAL EXTENSION OF TIME TO CERTIFY COMPLIANCE**

1. The Court on December 12, 2025 ordered that Petitioner's motion for return of property was granted "as to the image of his personal computer that the United States made in 2017; any files obtained from his Columbia University email account(s) or his Apple iCloud account(s) in 2019 or 2020 that are in the possession of the United States; any copies of the image or files obtained from his email or iCloud accounts that are in the possession of the United States; and any materials directly obtained or extracted from those files that are in the possession of the United States." ECF No. 20 at 1.

2. On December 23, 2025, shortly after 2:00 PM, the Court issued an order clarifying its December 12, 2025 order as follows:

    a. It authorized the Government to "deliver the complete set of the covered materials that is currently in the possession of the Department of Justice's Litigation Security Group in Washington, DC to the U.S. District Court for the Eastern District of Virginia on or before December 29, 2025," accompanied by "a chain-of-custody FBI agent." ECF No. 38 at 1.

1

    b. It ordered that the "custodian of these materials shall not share, disseminate, or disclose these materials to any person except pursuant to an appropriate search warrant." *See id.*

    c. It ordered that on or before December 29, 2025, the Government is to "return to Petitioner Richman, through counsel, all electronic storage devices constituting or containing Petitioner Richman's original seized materials or forensic copies of those materials." *Id.* at 2.

    d. It further ordered "that, to the extent the purportedly classified memorandum identified in the record is stored on any such device, the Government shall be permitted to permanently delete that file prior to returning the device to Petitioner Richman." *Id.*

    e. The Court ordered the Attorney General or her designee to certify by December 29, 2025, with specificity, that the Government has complied with the December 12, 2025 order as clarified and modified. *See id.*

    f. Finally, the Court ordered that the Government is not to access the covered materials, "except for the limited purpose of deleting the purportedly classified memorandum identified in the record, or share, disseminate, disclose or transfer those materials to an person without first seeking and obtaining leave of th[e] Court." *See id.*

3. The Federal Rules of Civil Procedure provide that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).[1]

---

[1] In the alternative, the Government respectfully requests that this motion be construed as one made pursuant to Federal Rule of Civil Procedure 59(e). *See, e.g., Matthews v. Fed. Bureau of Inv.*, 2018 WL 647630, at *3 (D.D.C. Jan. 30, 2018).

4. "What constitutes good cause necessarily varies with the circumstances of each case." *Nasreen v. Capitol Petroleum Group, LLC*, 2021 WL 5310565, at *4 (D.D.C. Nov. 15, 2021) (cleaned up).

5. "Good cause can be shown, in general, if the party seeking relief can show that the deadlines cannot reasonably be met despite the party's diligence." *Watt v. All Clear Business Solutions, LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012) (cleaned up).

6. As of the time of this filing, the Government anticipates:

    a. That it will be able to provide the complete set of covered materials currently in the possession of the Litigation Security Group to the United States District Court for the Eastern District of Virginia by December 29, 2025.

    b. That it will be able to provide counsel for Richman those electronic storage devices not currently containing any classified material currently in the possession of the FBI by December 29, 2025.

7. However, because of significant operational constraints caused by the imminent Christmas and New Year's holidays (*i.e.*, the lack of sufficient, technically qualified Government personnel in the Washington, DC area for the remainder of this week and the next), which make the current compliance deadline fall a mere one business day after the Court's revised clarifying order, the Government anticipates that it will not be able to review all electronic storage devices containing classified information, delete that information, and return those devices to Richman's counsel by December 29, 2025.[2]

---

[2] On December 18, 2025, the President issued an executive order closing the executive departments and agencies of the Federal Government on December 24 and 26, 2025. *See* Exec. Order 14,371 § 1, 90 Fed. Reg. 60,545 (Dec. 18, 2025).

8. The government is also in the process of identifying all department components that may have pertinent electronic storage devices.

9. In order to fully comply with the Court's order, the government requests an additional week to identify all pertinent electronic storage devices. The Government did not have clarity about the scope of its compliance obligations until the court issued its order yesterday. Consequently, good cause exists to permit the Government an extra week to identify all pertinent electronic devices and, as to any devices containing classified information, delete that information so that they may be provided to Richman's counsel.

10. The Government respectfully requests that it be permitted until January 5, 2026 to fully identify all storage devices and review all electronic storage devices containing classified information, delete that information, and return those devices to Richman's counsel.

11. The Government will coordinate with Richman's counsel regarding the delivery of the covered materials and will update counsel and the Court regarding any technical or personnel issues that may arise.

12. The Government will continue to comply with the terms of the TRO, except to the extent the extent the Government is permitted to delete classified information from the devices, consistent with yesterday's order.

13. We have conferred with counsel for Petitioner, who takes no position about whether the court should grant this request for an extension of time for the deletion of classified information from relevant devices.

        Respectfully submitted on December 24, 2025.

                */s/ Todd W. Blanche*
                Deputy Attorney General
                United States Department of Justice
                Robert F. Kennedy Building

950 Pennsylvania Avenue, NW
Washington D.C.  20530

*/s/ Lindsey Halligan*
United States Attorney
Eastern District of
Virginia
Florida Bar No.
109481
2100 Jamieson
Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

*/s/ Robert K. McBride*
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.McBride2@usdoj.gov

5

# CERTIFICATE OF SERVICE

This is to certify that I have this 24th day of December 2025, the government served a copy of the foregoing upon counsel for the petitioner-movant via the CM/ECF system.

/s/ Todd W. Blanche
Deputy Attorney General
United States Department of Justice
Robert F. Kennedy Building
950 Pennsylvania Avenue, NW
Washington D.C.  20530

/s/ Lindsey Halligan
United States Attorney
Eastern District of Virginia
Florida Bar No. 109481
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Lindsey.Halligan@usdoj.gov

/s/ Robert K. McBride
Robert K. McBride
First Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Telephone:  703-299-3700
Robert.K.McBride2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL RICHMAN,

*Petitioner-Movant*,

v.

THE UNITED STATES OF AMERICA,

*Defendant.*

CIVIL NO. 1:25-MC-170-CKK

**ORDER PARTIALLY EXTENDING DEADLINE FOR CERTIFICATION OF COMPLIANCE**

Upon consideration of the Government's memorandum in support of its motion pursuant to Rule 6(b)(1)(A) and 59(e) of the Federal Rules of Civil Procedure to partially extend the deadline for the Government to certify compliance with the order entered by the Court on December 12, 2025 and clarified on December 23, 2025, the deadline for the Government to certify compliance is extended as follows:

1. The Government shall be permitted until January 5, 2026 to identify all pertinent electronic storage devices and review all storage devices containing classified information, delete that information, return those devices to Richman's counsel, and certify that it has done so.

1

2. Except for deleting the classified information, the Government shall not otherwise access the covered materials or share, disseminate, or disclose the covered materials to any person without first seeking and obtaining a Court order, except insofar as the Government is permitted to transfer a copy of the covered materials to the United States District Court for the Eastern District of Virginia.

_____
THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

_____
DATED: