UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL RICHMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Misc. Action No. 25-0170 (CKK)

**ORDER**
(December 27, 2025)

The Court is in receipt of the Government's [40] Emergency Motion for Extension of Time to Certify Compliance. The Court shall **GRANT IN PART** and **DENY IN PART** the Government's Motion. Given the holidays, the Court shall **GRANT** the Government's request to extend its deadline to certify compliance with the Court's December 12, 2025, Order, as modified and clarified by subsequent Orders. However, the Government's Motion also appears to request permission to search Petitioner Richman's materials for classified material without first obtaining a valid search warrant, which would be in direct contravention of the Court's prior Orders. *See* Dkt. No. 38; Dkt. No. 39. Accordingly, because the Court has already ordered that the Government may not search Petitioner Richman's material to identify additional classified information without first obtaining a valid search warrant, the Court shall **DENY** the Government's request to do so. To ensure that the Government understands its obligations under the Court's prior Orders regarding the deletion of classified information, the Court shall take the remainder of this Order to re-emphasize those obligations.

The Government's current deadline to certify compliance with the Court's December 12, 2025, Order, as clarified and modified by subsequent Orders, is December 29, 2025. Dkt. No.

1

38. The Court's Order requires, in relevant part, that the Government return to Petitioner Richman "all electronic storage devices constituting or containing Petitioner Richman's original seized materials or forensic copies of those materials." *Id.* The Court's Order also permits the Government to permanently delete a single classified document from the material seized from Petitioner Richman's personal computer hard drive—a memorandum authored by Mr. Comey—from any of these materials before returning them to Petitioner Richman. *Id.* The Government now requests that it have until January 5, 2026, to "fully identify all storage devices and review all electronic storage devices containing classified information, delete that information, and return those devices to Richman's counsel." Dkt. No. 40 at 4.

The Court has repeatedly explained that the scope of any purportedly classified material within Petitioner Richman's materials is narrow. *See* Dkt. No. 38; Dkt. No. 39. For instance, the Court's December 23, 2025, Memorandum Opinion reads:

> Within the vast amount of seized material at issue, only one document has been identified as purportedly classified on the present record: a memorandum that Petitioner Richman received from Mr. Comey in 2017 that was "up-classified" to Confidential after Petitioner Richman received it. *See* Gov't's Mot, Dkt. No. 22, at 5 fn.2 (". . . the Government has determined that the copy to be deposited with the Court appears to contain classified information, *i.e.*, a memorandum sent by Comey to Richman in May 2017."). This document was originally contained on Petitioner Richman's personal computer hard drive, which the Government imaged and searched with his consent in 2017 and searched pursuant to Hard Drive Warrant #1 in 2019, Hard Drive Warrant #2 in 2020, and the warrantless search it conducted in 2025. According to Petitioner Richman, the computer hard drive that the Government returned to him after it imaged his personal computer hard drive pursuant to his consent in 2017 did not include the purportedly classified document in question. Pet'r's Resp., Dkt. No. 36-1 at 8. The record therefore shows that the Government has already identified and taken possession of the only document that has been identified on the record as purportedly classified. Moreover, the Government conducted at least three additional searches on the material originating from Petitioner Richman's personal computer hard drive—the searches relating to Hard Drive Warrant #1 in 2019, Hard Drive Warrant #2 in 2020, and the warrantless search in 2025—and did not identify any additional classified information when doing so. Furthermore, the Government has failed to articulate any reasonable concern regarding the existence of

2

> purportedly classified material within the material originating from Petitioner Richman's Columbia University account and his Apple account, especially considering the fact that Petitioner Richman never lost access to his material from these accounts in the first place. Accordingly, the Court shall amend its Order to make explicit that the Government may delete the purportedly classified document from Petitioner Richman's materials before returning those materials to him. But the Government may not conduct any additional review of Petitioner Richman's materials for classified material without first obtaining a valid search warrant.

Dkt. No. 39 at 8-9.

Accordingly, the Court has explained that, on the present record, there is only one purportedly classified document within Petitioner Richman's materials: the memorandum from Mr. Comey that was contained in the material originally seized in 2017 from Petitioner Richman's personal computer hard drive.  Petitioner Richman has consented multiple times to having the Government delete this classified memorandum from the material that is returned to him.  While the Court has clearly ordered that the Government may delete the single classified memorandum from Mr. Comey from the material seized from Petitioner Richman's personal hard drive before returning those materials to Petitioner Richman, the Court has been equally clear in ordering that the Government "may not conduct any additional review of Petitioner Richman's materials for classified material without first obtaining a valid search warrant."  Dkt. No. 39 at 9.  As the Court has explained, the Government has reviewed Petitioner Richman's materials numerous times (both lawfully and unlawfully) and has failed to identify any purportedly classified material beyond the single memorandum identified in the record.  *Id*. at 8.

Accordingly, it is hereby:

**ORDERED** that, **no later than January 5, 2026**, the Attorney General or her designee shall certify to this Court, with specificity, that the Government has complied with this Court's [20] Order dated December 12, 2025, as clarified and modified by any subsequent Order of this

3

Court. It is further **ORDERED** that the Government and its agents shall not access Petitioner Richman's covered materials, except for the limited purpose of deleting the purportedly classified memorandum identified in the record, or share, disseminate, disclose, or transfer those materials to any person without first seeking and obtaining leave of this Court.

**ORDERED** that the Government shall not review Petitioner Richman's materials for any additional classified material beyond the single classified memorandum from Mr. Comey that was originally contained in Petitioner Richman's personal computer hard drive without first obtaining a valid search warrant.

**Dated:**  December 27, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge