IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DANIEL RICHMAN, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:25-mc-00170-CKK |
| Petitioner-Movant |  |  |
| v. |  |  |
| UNITED STATES OF AMERICA, |  |  |
| Respondent. |  |  |

### CONSENT EMERGENCY MOTION TO EXTEND COMPLIANCE DEADLINE

Respondent, the United States of America, by and through the undersigned counsel, hereby moves this Court, pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, for an Order further extending the deadline by which the United States must certify its compliance with this Court's December 12, 2025 Order (as amended and clarified), which is presently due today January 12, 2026. *See* ECF Nos. 20, 26, 27, 38, 41, Jan. 4, 2026, minute order. The undersigned regrets filing this Motion at this late hour.

In the days since the Court last extended the foregoing deadline, the undersigned counsel has endeavored to negotiate in good faith with counsel for Petitioner-Movant. The issues remaining in dispute are few. On December 29, 2025, the United States deposited with the U.S. District Court for the Eastern District of Virginia the "complete set of the covered materials that [was] currently in possession of the Department of Justice's Litigation Security Group in Washington, DC." ECF No. 38. In addition, on January 9, 2026, the United States, "return[ed] to Petitioner Richman, through counsel, all electronic storage devices constituting or containing Petitioner Richman's original seized materials or forensic copies of those materials." *Id.* Apart

from certifying compliance with the foregoing, the only additional requirement of the Court's December 23, 2025 Amended and Clarified Order is that, "to the extent the purportedly classified memorandum identified in the record is stored on any such device, the Government shall be permitted to permanently delete that *file* prior to returning the device to Petitioner Richman." *Id.* (emphasis added). The Parties dispute what the Court has authorized the United States to delete. However, when a device contains classified information the *only* way to properly remove that information is to destroy the device and all the information on that device. Put differently, the United States cannot delete just the documents containing classified material from the device. Further complicating matters is the fact that regardless of the presence of classified information, a single file cannot be deleted from a forensic copy of a device. Either the entire forensic copy is deleted or none of it is. Nevertheless, Petitioner-Movant has requested the United States not destroy any devices containing classified material absent further Order of the Court. The United States will honor this request and hopes the Parties can propose language for the Court's consideration promptly.

      To that end, the United States provided counsel for Petitioner-Movant a draft joint consent motion proposing modification to the Courts Orders on December 31, 2025, following a call to outline the contours of the same with Petitioner-Movant's counsel the previous day. On January 5, 2025, Petitioner-Movant's counsel wrote to question whether an agreement between the Parties was conceivable. The United States requested a call with counsel for Petitioner-Movant the next day, January 6, 2026, but counsel for Petitioner-Movant advised they were unavailable before January 8 for such a call. Given the desire for the United States to promptly resolve this matter, the United States implored counsel for Petitioner-Movant to provide a redline to the proposed consent motion, which counsel for Petitioner-Movant did after business hours on January 8. The

United States provided further edits to the joint motion the next morning, on January 9. Since that time – and at the time of this filing – the United States has not received feedback on that draft despite representations that such feedback would be forthcoming on January 10.

Despite the undersigned representing to Petitioner-Movant's counsel multiple times a desire to resolve this matter promptly, no agreement has been reached. The undersigned does not err this grievance lightly, but does so only out of respect for the Court's deadline and out of regret for not seeking an extension earlier. The undersigned further represents that the effort to resolve the Parties remaining disagreements constitutes good cause to further extend the deadline within which the United States must certify its compliance with the Court's Orders *nunc pro tunc*.

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Good cause exists to extend the deadline by which the United States must comply with the Court's Order insofar as discussions between the Parties continue that may alleviate the necessity of the Court spending judicial resources resolving any dispute as between the parties. *See* Fed. R. Civ. P. 6(b)(1)(A); *Nasreen v. Capitol Petroleum Group, LLC*, 2021 WL 5310565, at *4 (D.D.C. Nov. 15, 2021).

So that these discussions may continue, the United States respectfully requests the deadline to comply with the Court's Order by providing a certification of compliance with the same be extended to January 19, 2026. The United States is not requesting any other modification or alteration to the Court's Order (or the clarifications or modifications thereto) at this time.

Dated: January 12, 2026                    Respectfully submitted,

                    */s/ Stanley E. Woodward, Jr.*

Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, Northwest
Washington, District of Columbia 20530
202-514-2000 (telephone)
stanley.woodward@usdoj.gov

*Counsel for Respondent
the United States of America*

## **CERTIFICATE OF SERVICE**

On January 12, 2026, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

        */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, Northwest
Washington, District of Columbia 20530
202-514-2000 (telephone)
stanley.woodward@usdoj.gov

*Counsel for Respondent
the United States of America*