**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DANIEL RICHMAN,** *Petitioner-Movant,* *v.* **THE UNITED STATES OF AMERICA,** *Respondent.* | **CIVIL NO. 1:25-MC-170-CKK** |

## CONSENT MOTION REGARDING DECEMBER 23, 2025 ORDER

1.  The United States moves, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, for an order modifying the Court's December 23, 2025 order, to (a) clarify the scope of "covered materials" under the Court's orders, (b) allow for the deletion—rather than the return—of certain materials the Court has ordered the United States to return to Petitioner, and (c) clarify the Government's obligations in recognition of the possibility that the Government may possess covered materials of which it is currently unaware or does not know the actual location.  Except for the relief sought in Paragraph 5(b)(iv) of the attached memorandum, as to which Petitioner takes no position, Petitioner consents to the relief sought herein.

2.  In support of this motion, the Government relies upon the attached memorandum of law.

3.  A proposed order is attached hereto.

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DANIEL RICHMAN,**

*Petitioner-Movant*,

*v.*

**THE UNITED STATES OF AMERICA,**

*Respondent*.

**CIVIL NO. 1:25-MC-170-CKK**

## MEMORANDUM IN SUPPORT OF CONSENT MOTION TO MODIFY DECEMBER 23, 2025 ORDER

1.  The Government hereby requests that the Court enter the attached proposed order.  Except for the relief sought in Paragraph 5(b)(iv) below, as to which Petitioner takes no position, Petitioner consents to the relief sought herein.

2.  The Court on December 12, 2025 granted Petitioner's motion for return of property "as to the image of his personal computer that the United States made in 2017; any files obtained from his Columbia University email account(s) or his Apple iCloud account(s) in 2019 or 2020 that are in the possession of the United States; any copies of the image or files obtained from his email or iCloud accounts that are in the possession of the United States; and any materials directly obtained or extracted from those files that are in the possession of the United States," which the Court collectively defined as "covered materials."  *See* ECF No. 20 at 1.  The Court ordered the Government to "return to Petitioner Richman all copies of the covered materials, except for [a] single copy that the Court . . . allowed to be deposited, under seal, with the U.S. District Court for the Eastern District of Virginia."  *Id.*  The Court further ordered "that the Attorney General of the United States . . . certify . . . with specificity, no later than **4:00 p.m. ET on Monday, December 15, 2025**, that the United States [had] taken each of the steps

1

required by the Court and [had] not made or retained any additional copies of the covered materials." *Id.* at 2.

3.  The Court has since extended the Government's deadline to certify compliance six times, on December 15, 2025 (ECF No. 26), December 19, 2025 (ECF No. 34), December 27, 2025 (ECF No. 41), January 4, 2026 (Jan. 4, 2026 Min. Order), January 13, 2026 (Jan. 13, 2026 Min. Order), and January 20, 2026 (Jan. 20, 2026 Min. Order).

4.  On December 23, 2025, the Court issued an order amending and clarifying its December 12, 2025 order.  ECF No. 38.  As relevant to the instant motion, the Court ordered "that, to the extent the purportedly classified memorandum identified in the record is stored on any [electronic storage device constituting or containing Petitioner Richman's original seized materials or forensic copies of those materials], the Government shall be permitted to permanently delete that file prior to returning the device to Petitioner Richman." *Id.* at 2.

5.  **Requested relief:**

    a.  The Government respectfully requests that the Court enter the attached proposed order to (a) clarify the scope of "covered materials" under the Court's orders, (b) allow for the deletion—rather than the return—of certain materials the Court has ordered the Government to return to Petitioner, and (c) clarify the Government's obligations in recognition of the possibility that the Government may possess covered materials of which it is currently unaware or does not know the actual location.

    b.  The proposed order would further clarify and modify the Court's December 12, 2025 order in six ways:

        i.  **Clarification of "covered materials":** The proposed order would clarify that the definition of "covered materials" comprises the materials identified as

"covered materials" in the December 12 order, including all copies of covered materials, including non-forensic copies (*e.g.*, printouts of documents from Petitioner Richman's devices, individual files saved on a computer, and/or individual files attached to emails), but does not include derivative materials (*e.g.*, memoranda that Government agents or attorneys drafted based on their review of covered materials).

ii. **Permanent destruction of electronic media and forensic images that include classified memorandum and hard drive seized from Petitioner's computer:**

1. After the Court's entry of the December 23, 2025 order, the Government engaged with technical personnel to determine how the Government could "permanently delete" the relevant classified memorandum "prior to returning [a] device" to Petitioner.  ECF No. 38 at 2.

2. The Government was informed by those technical personnel in substance that it is technically infeasible to delete a single file from a forensic image of a computer's hard drive.

3. The Government also represents that, even if it were to delete a non-forensic copy of the classified memorandum from a device, there is a risk that the memorandum could still be forensically restored.

4. Accordingly, the proposed order would authorize the Government to permanently delete and destroy any electronic media and forensic images that include the classified memorandum, rather than returning those media or images to Petitioner.

5. The proposed order would also authorize the Government to permanently delete and destroy the original hard drive obtained from Petitioner's computer containing the classified memorandum.

iii. **Permanent deletion of Relativity database:** The proposed order would also allow the Government to permanently delete a Department of Justice Relativity database maintained in South Carolina into which covered materials were uploaded, rather than returning the database—which would include Government-applied tags and codes—to Petitioner. The proposed order would also allow the Government to destroy any copies or backups of the database that contain Government tagging and coding.

iv. **Permanent deletion of other materials:** The proposed order would also allow the Government to permanently delete two other networked backups containing covered materials.[1]

v. **Clarification of Government obligations to return, delete, or destroy covered materials (and certify compliance therewith):** In recognition of the possibility that the Government may possess covered materials of which it is currently unaware or does not know the actual location, the proposed order would make clear that the Government is only obligated to return, delete, or destroy covered materials of which it is aware and has located. Relatedly, it would modify the government's certification obligation to permit the Attorney General (or her designee) to certify that the Government has returned or permanently deleted and/or destroyed all covered materials of which the

---

[1] As to this Paragraph 5(b)(iv), Petitioner takes no position.

4

government is then-presently aware and has located, rather than certifying that it has returned all covered materials. The Government represents that it has undertaken a diligent search to identify covered materials, in compliance with the Court's orders.

vi. **Any additional covered materials located by the Government and disposition thereof:**

1. Finally, in further recognition of the possibility that the Government may possess covered materials of which it is currently unaware, or of which it is currently aware but is unable to locate, the proposed order provides that if the Government locates any such additional covered materials, it will be prohibited from accessing such materials or sharing, disseminating, disclosing, or transferring those materials to any person without first seeking and obtaining leave of this Court.

2. Upon discovery of any such materials, the Government will notify the Court and Petitioner and obtain the Court's leave to either return such materials to Petitioner or permanently delete and/or destroy them.

c. The modifications set forth above would not preclude the Government from searching, seizing, or possessing the covered materials presently in the custody of the United States District Court for the Eastern District of Virginia, in the event that the Government obtains a valid and constitutionally proper search and seizure warrant directed at any such materials.

5

Respectfully submitted on January 26, 2026:

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Associate Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington D.C.  20530
stanley.woodward@usdoj.gov

*Counsel for Respondent*
*the United States of America*

6

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that this 26th day of January 2026, the Government filed the foregoing

via the CM/ECF system.

<div style="margin-left: 45%;">

<u>*/s/ Stanley E. Woodward, Jr.*</u>
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Associate Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington D.C.  20530
stanley.woodward@usdoj.gov

*Counsel for Respondent*
*the United States of America*

</div>

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DANIEL RICHMAN,**

*Petitioner-Movant,*

*v.*

**THE UNITED STATES OF AMERICA,**

*Defendant.*

CIVIL NO. 1:25-MC-170-CKK

**[PROPOSED] ORDER**

Upon consideration of the Government's consent motion, the Court further **AMENDS** and **CLARIFIES** its December 12, 2025 order (the "December 12 Order") as follows:

It is **ORDERED** that the definition of "covered materials" comprises the materials identified as "covered materials" in the December 12 Order, including all *copies* of covered materials, including non-forensic copies (*e.g.*, printouts of documents from Petitioner Richman's devices, individual files saved on a computer, and/or individual files attached to emails), but does not include derivative materials (*e.g.*, memoranda that Government agents or attorneys drafted based on their review of covered materials); and further

**ORDERED** that the Government may permanently delete and destroy any electronic media and forensic images that include the classified memorandum, as well as the original hard drive obtained from Petitioner's computer; and further

**ORDERED** that the Government may permanently delete a Department of Justice Relativity Database maintained in South Carolina containing covered materials, as well as any copies or backups of that database that contain Government tagging and coding; and further

**ORDERED** that the Government may permanently delete two other networked backups

1

containing covered materials; and further

**ORDERED** that the Government's obligation to return, delete, or destroy covered materials is limited to covered materials of which the Government is aware and has located; and further

**ORDERED** that the certification of compliance by the Attorney General or her designee previously ordered by the Court need not state that the Government has returned all covered materials to Petitioner, provided that it states that the Government has returned or permanently deleted and/or destroyed all covered materials of which it is then-presently aware and has located; and further

**ORDERED** that, if the Government locates additional covered materials after submitting the aforementioned certification, the Government and its agents shall:

(a) neither access those materials nor share, disseminate, disclose, or transfer them to any person without first seeking and obtaining leave of this Court;

(b) promptly notify the Court and Petitioner Richman of this discovery; and

(c) seek this Court's leave to either return the materials to Petitioner Richman or delete and destroy them; and further

It is **ORDERED** that, no later than January __, 2026, the Attorney General or her designee shall certify to this Court, with specificity, that the Government has complied with this Court's Order dated December 12, 2025, as clarified and modified by any subsequent Order of this Court.

In all other respects, the Court's prior Orders remain unchanged.

THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

DATED:

2