**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DANIEL RICHMAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Misc. Action No. 25-170 (CKK) |

**ORDER**
(September 17, 2026)

Earlier today, this Court received the attached correspondence by email from Katelyn Polantz, a correspondent for CNN, "requesting the unsealing of three Justice Department filings . . . and related docket entries" in this matter. Ms. Polantz asks that the Court construe her correspondence "as a *pro se* intervenor application" and "motion to unseal recent entries in the case." Specifically, she seeks unsealing or partial unsealing of docket entries 54, 55, 56, 57, and 58, all of which are currently sealed in full.

Although Ms. Polantz does not appear to have delivered a paper copy of her submission to the Office of the Clerk of the Court for filing, as is generally required of *pro se* filers under Local Civil Rule 5.4(e)(2), the Court construes her correspondence as a *pro se* request for leave to file a motion to intervene and motion to unseal. Upon consideration of this submission, the Court **GRANTS** leave to file. The Clerk of the Court is respectfully directed to docket the attached submission as Ms. Polantz's Motion to Intervene and Motion to Unseal.

Ms. Polantz's Motion to Intervene is **GRANTED**. As the D.C. Circuit has explained, "third parties may be allowed to permissively intervene . . . for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective

order." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Although this practice lacks a "clear fit with the literal terms of Rule 24(b)," which governs permissive intervention, "every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."[1] *Id.* at 1045 (collecting cases); *see also, e.g.*, *In re Guantanamo Bay Detainee Litig.*, 624 F. Supp. 2d 27, 31 (D.D.C. 2009) (TFH).

The Court would benefit from further briefing from the parties regarding the Intervenor's Motion to Unseal. Accordingly, it is **ORDERED** that the Government shall respond to the Intervenor's Motion on or before **September 23, 2026**; Intervenor Polantz and Petitioner Richman shall file any responses to the Government's submission on or before **September 28, 2026**; and the Government shall file any reply on or before **September 30, 2026**.

**SO ORDERED.**

**Dated:** September 17, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge

[1] Federal Rule of Civil Procedure 24(b) provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," taking into consideration "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."