DC Newsgathering CNN Worldwide

Katelyn Polantz
Correspondent
Justice, crime & courts

202-738-8185
katelyn.polantz@cnn.com

820 First St. NE | Washington, DC 20001

September 17, 2026

The Honorable Colleen Kollar-Kotelly
US District Court for the District of Columbia
E. Barrett Prettyman Federal Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

Dear Judge Kollar-Kotelly:

I am writing today requesting the unsealing of three Justice Department filings in the matter *Richman v. United States of America* (civil case #: 25-mc-170) and related docket entries. I hope the Court may treat this as a *pro se* intervenor application, and this request akin to a motion to unseal recent entries in the case discussed below.

I am a member of the press, working for CNN to report on the Justice Department and notable cases in this federal District Court. I have written extensively about this case, *Richman v. US,* as well as about related cases and investigations of the Justice Department.

The press and the public benefit greatly from the long-recognized common law right of access to judicial records that this Court has repeatedly endorsed.

Under this right of access, specifically, I seek the unsealing in the *Richman v. US* case of:

-Docket entry 54, a sealed motion filed by the United States and including an attached exhibit and proposed order text, May 20, 2026
-Sealed docket entry 55
-Docket entry 56, a sealed document filed by the United States, May 22, 2026
-Sealed docket entry 57
-Docket entry 58, a sealed document filed by the United States and including an attached exhibit, June 18, 2026

The core proceedings in *Richman v. US* have been largely public until this case's termination, with redacted motions from the parties and judicial opinions available on the Court's Pacer system. Since then, the Justice Department has conducted its proceedings in complete secrecy.

The three sealed submissions from the Justice Department noted above all have come after the termination date of the civil proceeding, signaling that those entries may mark new and unique requests. No redacted versions of these filings are available in the public *Richman v. US* docket. There is also no apparent motion to seal accompanying the docket entries, as required by the US District Court of the District of Columbia's local rule 5.1(h)(1). *("A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal.")*[1]

The Department of Justice's recent actions in this case deserve as much transparency as possible, at a similar level to the prior proceedings. Repeatedly, this Court and other courts have recognized the ability of making public judicial filings that are initially filed under seal.

The recent filings also remain in the public interest.

Your Honor has previously acknowledged the connection of *Richman v. US* to criminal investigations of former FBI Director James Comey, including in *US v. Comey,* the September 2025 criminal indictment in the US District Court for the Eastern District of Virginia (criminal docket #: 25-cr-272).

Mr. Richman, a lawyer, was a close contact of Mr. Comey's at the time he served as FBI Director and in the months following his firing by President Donald Trump.
Both men remain high-profile critics and targets of the President.

There is also a public interest in evaluating the Justice Department's handling of the Richman materials in recent months, because of the documented issues that arose in the prior case against Mr. Comey.

---

[1] Rules of the United States District Court for the District of Columbia, updated September 2026: https://www.dcd.uscourts.gov/sites/dcd/files/local_rules/Local%20Rules%20AUG_2025.pdf

Last fall, Magistrate Judge William Fitzpatrick sitting in the Eastern District of Virginia US District Court said the Justice Department's handling of the Richman materials for use in the Comey criminal case showed a "cavalier attitude towards a basic tenet of the Fourth Amendment" that prompted "the government unchecked to rummage through all of the information seized from Mr. Richman, and apparently, in the government's eyes, to do so again anytime they chose."[2]

In a December 12, 2025, memorandum opinion in *Richman v. US*, this Court wrote even more bluntly: "the Government's retention and use of [Mr. Richman's] files has violated his Fourth Amendment rights."

Your Honor also pointed out that at that time, "the Government … has not been forthcoming with respect to information seized from those warrants" that collected the Richman materials. This type of history regarding the Richman materials shows how worthy of transparency any possible Justice Department actions toward the materials would be.

Furthermore, CNN has reported Mr. Richman's communications with Mr. Comey remain of interest to the Justice Department. In recent weeks, a grand jury testimonial subpoena was received by Mr. Richman in an ongoing criminal investigation in the jurisdiction of the US District Court for the Southern District of Florida.[3]

That investigation, according to several news reports as well as statements made by prosecutors, touches upon the 2016 and 2017 work of Mr. Comey and the FBI, and very likely the communications captured in the Richman materials.[4]

The Justice Department now may contend that the continued sealing of the recent court records in *Richman v. US* is necessary to protect ongoing criminal investigations. Yet

---

[2] Magistrate Judge William E. Fitzpatrick, US District Court for the Eastern District of Virginia, US v. Comey, November 17, 2025, document 191, page 11
[3] CNN.com, "Justice Department issues subpoena to Comey ally in new leak investigation," Aug. 31, 2026: https://www.cnn.com/2026/08/31/politics/daniel-richman-subpoena-comey-leak-investigation
[4] CNN.com, "Exclusive: Tense phone call and resignation upend Justice Department probe into Trump's top foes," Sept. 14, 2026: https://www.cnn.com/2026/09/14/politics/todd-blanche-joe-digenova-trump-turmoil-call-resignation

multiple Justice Department officials have described and commented publicly on those investigations.

For instance, just this week, a reporter asked Attorney General Todd Blanche at a press conference in the White House Rose Garden about the investigation based in south Florida. Attorney General Blanche responded that it would "continue" and that the Department was "not going to slow down."[5]

I understand that limited and narrow redactions may be appropriate. But those redactions shouldn't go beyond what prosecutors have already discussed in public statements and in open court.

Thank you for your consideration of this matter,

Katelyn Polantz
Justice & courts correspondent
CNN

[5] CNN.com, "Investigation into Trump foes to continue without lead prosecutor, Blanche says," Sept. 15, 2026: https://www.cnn.com/2026/09/15/politics/live-news/kash-patel-hearing-senate?post-id=cmu30kex8001v3b6rxzqhnq52